**57 So.2d 898**

**WHITE v. SHARP.**

**No. 40042.**

Feb. 18, 1952.

Rehearing Denied March 24, 1952.

Sam J. D'Amico, Baton Rouge, for defendant-appellant.

John T. Laycock, Leslie A. Fitch, Jr., Baton Rouge, for plaintiff-appellee.

LE BLANC, Justice.

This case was placed on the docket which was posted November 16, 1951 and, in accordance with Rule IX, Sec. 1 of the Rules of this court, lists of the assignments in all cases appealed from Parishes other than the Parish of Orleans, were mailed to all attorneys in the cases assigned not later than thirty days previous to the date fixed for argument.

As appears from the docket this was the first case assigned for argument on the morning of Tuesday, January 22, 1952. The convening hour of court, as fixed by Rule VI, Sec. 1 of the Rules of Court, and also as noted on the docket, is eleven o'clock a. m.

On the morning of Tuesday, January 22, 1952, court convened at the usual hour of eleven o'clock and when the case was called for argument counsel representing the plaintiff, appellee, appeared and stated that he was ready to present his side of the argument. The Clerk of Court then informed the court that no one had appeared to represent the defendant, appellant, nor had any brief been filed on her behalf. Thereupon, counsel for appellee was told by the court that under the circumstances, the appeal would be dismissed without argument. Upon being so informed, counsel departed from the court room.

Later during the morning hour, after the succeeding case assigned on the docket had been argued, counsel representing the appellant appeared and after stating his excuse for failure to appear on time, requested permission to file a brief which he had prepared. He was informed that he could file the brief but was also told that in view of his tardiness in filing it and also of the statement which had been made to opposing counsel that the appeal would be

dismissed, it was likely that the court would have to pursue that action.

■ Rule X, Sec. 6 of the Rules of Court requires that the appellant's brief shall be filed not later than fourteen days before that fixed for argument. It is true that this requirement is not rigidly enforced, as it should be, and briefs have been accepted and considered when they were filed much later than the required time. But there can be no excuse for delaying the filing of a brief until the hour when the case is fixed for argument has passed. If there should be some reason because of some emergency arising that counsel cannot appear on time, the least the court could expect would be to be notified through its Clerk of the cause of the delay.

■ As recently as the last decision day, January 14, 1952, the appeal in the case of Nungesser v. Railway Express Agency, Inc., La.Sup., 56 So.2d 422, was dismissed for the reason that no appearance had been made for the appellant nor had any briefs been filed in support of the appeal. In Hayes v. Petry, 218 La. 730, 50 So.2d 821, 822, it is stated that "It is well settled that an appeal will be dismissed when the appellant fails to appear or file briefs in support of the appeal." Grand Lodge, Knights of Pythias v. Natchitoches Lodge, 215 La. 300, 40 So.2d 472 and Birdwell v. Birdwell, 217 La. 671, 47 So.2d 41, are cited as authority. In the Hayes case a motion was presented subsequent to the date set for hearing asking permission to file briefs,

the motion being accompanied by the briefs. Except for the permission having been orally requested in open court in this case, the situation may be said to be the same in both cases. In the Hayes case it was stated that "the motion and briefs will not be considered because they were not timely presented." To rule otherwise in the present case would be to make an exception favoring the appellant which we do not feel would be proper and which might well lead to some embarrassment in the future.

For the reasons stated the appeal is dismissed.

57. So.2d 899