**67 So.2d 578**

Succession of GUMBEL.

No. 40882.

July 3, 1953.

Rehearing Denied Oct. 6, 1953.

Thomas Bar, III, and W. Blair Lancaster, Jr., New Orleans, for opponent-appellant.

J. Blanc Monroe, J. Raburn Monroe, Malcolm L. Monroe, New Orleans, for executor.

Walter M. Barnett, Jr., Eldon S. Lazarus, Leonard B. Levy, Charles Rosen, Louis L. Rosen, New Orleans, for intervenor.

FOURNET, Chief Justice.

Mrs. Vivian Sintes Levie, one of the legatees under the will of Cornelius Gumbel, is appealing from the judgment of the lower court approving and homologating the Third Provisional Account of the testamentary executor and dismissing her opposition thereto. On the day the case was set for argument in this Court, counsel for the appellees, at motion hour, moved for the dismissal of the appeal on the ground that no brief had been filed by appellant and there was no one in Court to represent her; however, when the case was later called up regularly, counsel for the appel-

lant appeared in person, advising that his failure to timely appear did not indicate an intention to abandon the appeal but was caused by the fact that he had simply overlooked preparing and filing a brief.

Ordinarily, under our jurisprudence, when there is no appearance the appeal is considered as abandoned, and is dismissed; the Court does not favor careless lack of attention on the part of those who appear before this tribunal. See Chatelain v. Besnard, 219 La. 488, 53 So.2d 243, and cases therein cited; Core Bros. v. F. J. J. Sloat Dredging Co., 220 La. 169, 55 So.2d 904; Nungesser v. Railway Express Agency, 220 La. 277, 56 So.2d 422; White v. Sharp, 220 La. 928, 57 So.2d 898. However, since an appearance was made when the case was regularly called, we permitted the filing of briefs and have concluded to review the record in the interest of justice.

The proceedings in the Succession of Cornelius Gumbel are before us for the second time. The former appeal, also prosecuted by Mrs. Levie, resulted in affirmance of the district court's judgment approving and homologating the First Provisional Account of the executor and ordering him to turn over to Touro Infirmary, as residuary legatee, all of the residue of the estate, upon the execution by Touro Infirmary of a mortgage in specified form, containing an unconditional obligation to pay all annuities provided in the will and income taxes thereon, accompanied by a title mortgage bond. See Succession of Gumbel, 220 La. 266, 56 So.2d 418. Pursuant to this judgment the Third Provisional Account of the executor was later filed, setting forth the proposed disposition of funds and property in his hands and the proposed delivery of the residue of the estate to Touro Infirmary upon execution of the mortgage in the approved form to secure payment of the annuities; and was approved and homologated by judgment of the district court.

The appellant's reason for opposing this account is that the decedent's bequest to her of $180 per month free of taxes was changed by him from an annuity to a trust for life by reason of a codicil of April 11, 1947, and in view of the limitation of Louisiana law that a trust can subsist for only ten years, she is entitled to judgment fixing the liability of Touro Infirmary to her (1) for payment of $180 per month, clear and free of taxes, for a period of ten years, and (2) for payment to her, at the end of that time, of the corpus of the trust estate represented by a sum of money which, kept at interest, would produce that income to her for the remainder of her natural life. She argues that Touro Infirmary, as trustee, cannot use all of the funds of the estate to construct a nurses' home, as it is in the process of doing, without violating the provisions of the trust; that the mortgage in favor of the annuitants under the will, given to secure payment of the annuities, under the prior decision of this Court, cannot be substituted for the

trust, but is simply an added security. Counsel states that the claim appellant now makes was briefed for argument in the prior hearing of this case, but that our decision is completely silent on the matter.

The appellees, the executor of the estate, and Touro Infirmary, intervenor, claim that all issues raised by appellant are res judicata.

 The points now urged by appellant were clearly at issue when the case was previously before us, and while there may have been omission in our former opinion, 220 La. 266, 56 So.2d 418, to state in so many words that no trust, as such, was created in favor of Mrs. Levie, such a conclusion is inescapable from the language used throughout, in which her bequest is consistently referred to as an annuity. Moreover, the identical contention now urged was raised in Mrs. Levie's application for rehearing and was rejected as being without merit.

For the reasons assigned, the judgment appealed from is affirmed.