McBRIDE, Judge.
Cornelius Gumbel, who departed this life June 6, 1949, and whose succession was opened under the No. 290-711 of the docket of the Civil District Court for the Parish of Orleans, left an estate valued at more than one million dollars. He left an olo-graphic will and several codicils bequeathing various persons legacies and bequeathing the residue of his estate to Touro Infirmary.
By a codicil dated April 1, 1947, said testator provided as follows :
“I give to Vivian Sintes Levie wife of E. J. Levie an annuity of one hundred and eighty dollars per month. * * * ”
By codicil dated April 11, 1947, he provided :
“I direct my executor to retain in his hands at all times a capital sum the income from which will be sufficient to pay the annuities which I have bequeathed in my will, and no distribution shall be made to the residuary legatee which would imperil the payment of the annuities.”
By another codicil dated October 9, 1947, Cornelius Gumbel directed that his estate pay all inheritance and income taxes on the annuity in favor of Mrs. Levie.
On April 27, 1960, Mrs. Levie filed suit against Touro Infirmary, her petition being denominated “Petition for Corpus of Trust Estate.” She alleged the death of Cornelius Gumbel, the fact that he left a last will and testament and the above-mentioned codicils; that Touro Infirmary has been paying to her the sum of $180 per month, plus the income tax which Mrs. Levie owed thereon, since the death of Cornelius Gumbel on June 6, 1949; that the codicil of April 11, 1947, established in her favor a trust for life, and that in view of the limitation of the laws of this state that a trust can exist for only ten years, she, having survived the ten-year period, is entitled to the corpus of the trust; accordingly, she prayed for judgment in her favor and against Touro Infirmary for $150,000, which sum of money she estimates, if placed at 2 percent *845 interest, would produce the monthly annuity and taxes thereon for the remainder of her natural life. To this petition Touro Infirmary interposed the exception of res judicata and the exception of no cause of action, both of which exceptions were maintained by the lower court, and from the judgment Mrs. Levie has appealed.
The following detailed facts appear from Succession of Gumbel:
During his lifetime, on April 23, 1948, the decedent addressed a letter to the President of Touro Infirmary reading in part as follows:
“In my original will I have provided that my executor should retain in his hands a capital sum sufficient to cover the annuities which I have provided.
“It will, however, be satisfactory to me upon receipt of the assurance herein contained to permit my executor to pay over the residuary estate to you if Touro Infirmary will execute a binding agreement satisfactory to my executor guaranteeing all the annuities for which I have provided, including the annuity mentioned in this letter, and this will be my authority to my executor to so provide.”
On the same day the President of Touro Infirmary wrote and signed a statement at the bottom of Cornelius Gumbel’s letter stating that Touro Infirmary, in consideration of the residuary legacy to it and in further consideration of the provisions of the last paragraph of the letter, will see to it that all of the provisions of the will and codicils of Cornelius Gumbel are carried out.
On June 13, 1949, after the testator’s death, the Board of Directors of Touro Infirmary adopted a resolution approving the action of its President and ratifying the agreement in order that it might be approved by the court and that the executor be authorized to carry out the provisions contained in the letter and agreement of April 23, 1948. On June 14, 1949, the executor drafted a petition requesting the court to authorize him to carry out the provisions of the agreement set forth in the letter of April 23, 1948, and in due course to pay over the residuary estate to Touro Infirmary upon the execution by it of a binding agreement guaranteeing all the annuities for which the decedent made provision. All of the annuitants under the will and codicils of Cornelius Gumbel, in consideration of their mutual agreements and in consideration of the filing of the above-mentioned petition, assented to said petition and requested the court to enter the order therein.
Said petition was duly presented to the court the next day and an order was signed by the judge dated June 15, 1949, authorizing the executor to carry out the provisions of the agreement with Touro Infirmary as set forth in the petition.
On July 29, 1949, Mrs. Vivian Sintes Levie, as one of the annuitants who had signed the petition, instituted proceedings attacking the order of June 15, 1949, authorizing the executor to carry out the provisions of the agreement of April 23, 1948, she alleging that she was unaware of her rights at the time she signed the petition and that her consent was given under a mistake as to the effect of it on the legacy provided for her in the will and codicils of the decedent.
The executor filed a provisional account on April 30, 1950, in which he proposed to carry out the provisions of the agreement set forth in Cornelius Gumbel’s letter of April 23, 1948. This account was opposed by Mrs. Levie on the ground that adequate provision was not being made to carry out the legacy bequeathed to her by the decedent of $180 per month.
The executor answered the opposition made by Mrs. Levie calling to the court’s attention that he had proposed in the account to retain $60,000 of United States Government Bonds to protect the legacy of Mrs. Levie, and submitted a proposed mortgage to be executed by Touro Infirmary, *846 on valuable property located in New Orleans, sufficient to protect her and other annuitants.
The lower court refused to rescind its order and denied the opposition to the account, and held that Mrs. Levie must accept the proposed mortgage because in its opinion she was more amply secured than she was under the will and codicils. Mrs. Levie appealed to the Supreme Court.
That Court decided (Succession of Gumbel, 220 La. 266, 56 So.2d 418) that no trust, as such, had been created in favor of Mrs. Levie and considered that her bequest is but an annuity. The judgment appealed from was affirmed.
Mrs. Levie also took an appeal to the Supreme Court from the judgment of the lower court approving and homologating the third provisional account of the testamentary executor and dismissing her opposition thereto.
She had opposed the third provisional account for the reason that the bequest to her of $180 per month free of taxes was changed by Cornelius Gumbel from an annuity to a trust for life by reason of the codicil of April 11, 1947, and that in view of the limitation contained in the law that a trust can subsist for ten years only, she is entitled to a judgment fixing the liability of Touro Infirmary to her (1) for payment of $180 per month clear and free of taxes for a period of ten years, and (2) for payment to her at the end of that time the corpus of the trust estate represented by a sum of money which, if invested at interest, would produce that income to her during the balance of her life.
The Court held (Succession of Gumbel, 223 La. 1023, 67 So.2d 578) that the points urged by Mrs. Levie were clearly at issue and had been decided when the case was previously before the Court. The judgment appealed from was affirmed.
Therefore, we see that on the first occasion the Succession of Gumbel went to the Supreme Court that Court held that no trust had been settled upon Mrs. Levie. We see also Mrs. Levie made the identical contention on the second occasion the Succession of Gumbel went to the Supreme Court that she had previously made and that the Court clearly and tersely so stated.
The judgment rendered by the trial court sustaining the exceptions of res judicata and no cause of action levelled by Touro Infirmary against Mrs. Levie’s present suit is correct. The Supreme Court held squarely in the first of her appeals that she is an annuitant and not a beneficiary under a trust and, therefore, is not entitled to the “corpus of the trust.” On the second of her appeals, the Court stated she was making the identical contentions she had made in her first appeal and affirmed the judgment she had appealed from. Now, for the third time, Mrs. Levie is making the same contentions.
LSA-C.C. art. 3556(31) defines Thing Adjudged thus:
“Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.”
The two pronouncements by the Supreme Court meet the essentials of LSA-C.C. art. 2286 with reference to res judicata, said article providing:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The thing demanded by Mrs. Levie was demanded before, her cause of action remains the same, and the contest was between the same parties. Touro Infirmary *847 was an intervenor on each of the two occasions the Supreme Court adjudged the matter.
The judgment appealed from is affirmed.
Affirmed.