McCALEB, Justice.
 

 We granted certiorari in this matter to review a judgment of the Court of Appeal, First Circuit, which dismissed, ex proprio motu, the appeal of the State, Through the Department of Highways, under Rule VII, Section 5(b) of the Uniform Rules of the Courts of Appeal. See Walker v. Jones, 212 So.2d 852.
 

 The State, Through the Department of Highways, perfected a suspensive appeal from a judgment assessing damages against
 
 *911
 
 it totaling almost $350,000 for personal injuries, and connected special damages, arising out of an automobile accident which occurred in East Baton Rouge Parish on August, 29, 1962. The transcript was lodged in the Court of Appeal on December 15, 1967, but counsel, who was then handling the appeal for the Department, failed to comply with Section 7 of Rule IX of the cpurt’s rules, requiring the brief of appellant .to be filed not later than twenty-five days thereafter. Consequently, in view of Section 11 of this rule, counsel forfeited the right' to orally argue appellant’s case before. the court. On the date set for the hearing in the Court of Appeal (April 1, 1968), counsel for the Department, instead of making a personal appearance, telephoned the clerk of the court, prior to the time fixed for the convening of court on that day, informing him that, since he (counsel) would not be permitted to argue the case, he was not going to attend the hearing but that he did not intend to abandon the appeal and would file a brief later. Counsel then requested the clerk to so advise the court, and the clerk said, “Okay.”
 

 When the case was called for argument during the court’s session, no personal appearance was made on appellant’s behalf by any of its counsel of record. However, the clerk informed the court at that time of counsel’s telephone call earlier that morning, advising the clerk that he did not intend to abandon the appeal “ * * * and would file a brief at a later date.” The brief on behalf of the Department was actually filed on the same day the case was called for argument but after the matter had been submitted. The Court of Appeal, however, later dismissed the appeal on its own motion considering it to be abandoned. In taking this action, the court applied Section 5(b) of Rule VII of the Uniform Rules, Courts of Appeal, in strict accordance with the letter of its provisions. The rule declares :
 

 “Section 5. The court
 
 may
 
 ex proprio motu:
 

 sj;
 
 ifc
 
 5]« í|c j}c
 

 “(b)
 
 Consider abandoned
 
 and dismiss the appeal in any case in which the appellant has
 
 neither appeared
 
 nor filed brief prior to the date fixed for submission of the case.” (Emphasis ours)
 

 It can hardly be gainsaid that the action of the court dismissing the appeal may find support by a literal application of the provisions of the court rule, there being neither an open court appearance by counsel when the case was called nor a brief previously filed on appellant’s behalf. Nevertheless, the harsh sanction of the Court of Appeal in holding the appeal abandoned is open to serious question in view of the facts within its knowledge at the time it dismissed the appeal. It was fully aware then that counsel for the Department had no intention of abandoning the appeal and expected to file a brief, albeit tardy, on behalf
 
 *913
 
 of the State’s position. Indeed, this brief was actually filed on the date the case was submitted (April 1, 1968), a week before the judgment of dismissal was entered (April 8, 1968).
 

 Section 5(b) of Rule VII of the Uniform Rules, Courts of Appeal, is a valid exercise of the rule-making power vested in these courts by Articles 193 and 2162 of the Code of Civil Procedure
 
 [1]
 
 and conforms with the well-settled jurisprudence of this Court.
 
 [2]
 
 The rule confers discretionary authority, providing as it does, that the court
 
 may
 
 consider abandoned and dismiss an appeal in any case in which the appellant has neither appeared nor filed brief prior to the date fixed for submission of the case. The rule being permissive in nature, the action of an appellate court, in dismissing an appeal, as abandoned, must always be reasonably exercised with due consideration being given to the principle that the law favors appeals and they should not be dismissed as abandoned except for substantial causes, even though the appellant or its counsel has failed to comply fully’ with the letter of the court rule.
 

 When we consider the case at bar in light of the circumstances appearing before the Court of Appeal, we think it manifest that the appellate court abused its discretion in holding that the appeal was abandoned. After all, the purpose of rules like the one under consideration is to relieve the appellate courts of the obligation of deciding cases which are
 
 presumably
 
 abandoned because of the failure or neglect of the appellant to either file a brief or make an appearance. In such instances and in the absence of knowledge to the contrary, it is proper for the court to consider the appeal abandoned. But' no presumption of abandonment can in fact exist when the court is informed by its clerk at the time the case is called that the appellant has no intention of abandoning the appeal and that counsel, although unable to argue the case under the rules of court, will file a brief. Under these circumstances,. it .devolves upon the court to exercise its dis
 
 *915
 
 cretion and determine whether the facts are such as to warrant consideration of the appeal for, if the court should hold that strict compliance with its rule is essential in order to obviate dimissal, it thus applies its rule mandatorily, as the Court of Appeal did in this case. This, we believe, was improper, unwarranted and contrary to the interests of justice in view of the facts in the matter at hand. See Succession of Gumbel, 223 La. 1023, 67 So.2d 578, and compare Benedict, Administrator v. Stulb, 230 La. 995, 89 So.2d 768.
 

 The dismissal of the appeal herein by the Court of Appeal, First Circuit, is set aside and annulled; and the case is remanded to that court for hearing and disposal of the appeal on its merits.
 

 [1]
 

 . Article 193 C.C.P. vests general authority in all courts to adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure “which are not contrary to the rules provided by law.” And Article 2162 C.O.P. provides in part: “An appeal can be dismissed * * * if, under the rules of the appellate court, the appeal has been abandoned.”
 

 [2]
 

 . See Grand Lodge of the State of Louisiana, Knights of Pythias v. Natchitoches Lodge No. 89, Knights of Pythias, 215 La. 300, 40 So.2d 472; Hayes v. Petry, 218 La. 730, 50 So.2d 821; Antoon v. Mayor and City Commissioners and Building Inspector of City of Natchitoches, 218 La. 732, 50 So.2d 822; Prey v. Ingram, 219 La. 159, 52 So.2d 531; White v. Sharp, 220 La. 928, 57 So.2d 898; Peace v. Love, 223 La. 772, 66 So.2d 803; Mendes v. Kostmayer, 226 La. 730, 77 So.2d 21; Juneau v. Juneau, 227 La. 921, 80 So.2d 864; Benedict, Administrator v. Stulb, 230 La. 995, 89 So.2d 768; and other cases.