BOLIN, Judge.
In this suit a final judgment was signed and filed on February 25, 1972 rejecting plaintiff’s demands for damages and granting judgment in favor of plaintiff in re-convention for $1,554.00. A notice of judgment was mailed to plaintiff through its attorney of record on February 28, 1972. No application for a new trial was filed. On April 14, 1972 a devolutive appeal was granted in favor of plaintiff, returnable June 12, 1972, and the appeal bond was filed on June 5, 1972. The transcript was lodged in this court on June 12, 1972 and defendant filed a motion to dismiss the appeal on June 13, 1972.
*332 The brief in support of the motion to dismiss correctly states that the three-day delay for applying for a new trial commenced on February 29, 1972 and expired on March 2, 1972. Louisiana Code of Civil Procedure Article 1974. The 90-day period for perfecting a devolutive appeal commenced on March 3, 1972 and expired on May 31, 1972. The bond, which was not filed until June S, 1972, was untimely and the appeal was not perfected within the ninety days allowed under Louisiana Code of Civil Procedure Article 2087. Accordingly, this appeal should be dismissed.
Additionally, when this case was called for argument, in the manner and at the time prescribed in the Uniform Rules of the Courts of Appeal, Rule V, Section 4, the appellant neither appeared nor filed a brief prior to such time; accordingly, the appeal is considered abandoned and should be dismissed. Louisiana Code of Civil Procedure Article 2162 and Uniform Rules, Courts of Appeal, Rule VII, Section 5(b), as revised June 1, 1971.
For the two reasons heretofore stated the appeal is dismissed at appellant’s cost.