277 So.2d 463 (1973)
HENRY WATERS TRUCK & TRACTOR CO., INC.
v.
Sam RELAN.
No. 9151.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
On Rehearing April 24, 1973.
Writ Refused June 21, 1973.
*465 John J. Cosner, Jr., Cosner & Matheny, Hammond, for appellant.
Charles B. W. Palmer, Palmer & Palmer, Amite, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.

ON MOTION TO DISMISS
ELLIS, Judge.
Defendant has filed a motion to dismiss based on an alleged voluntary acquiescence in the judgment by plaintiff by paying the full amount thereof to defendant. The stipulation in the record reveals that, at the time the judgment was paid, plaintiff's counsel advised defendant's counsel that plaintiff might later take an appeal.
Article 2085 of the Code of Civil Procedure provides that no appeal can be taken by one who "voluntarily and unconditionally" acquiesces in a judgment against him. The stipulation filed herein clearly evidences that there was no intention on the part of plaintiff to abandon the right to appeal when he paid the judgment. There was therefore no unconditional acquiescence, and plaintiff has retained his right to appeal.
Motion denied.

ON THE MERITS
This suit was filed by plaintiff Henry Waters Truck & Tractor Co., Inc. for amounts allegedly due on open account for repairs done on a truck alleged to belong to Sam Relan, the only defendant named. Relan answered, denying the indebtedness, and, as plaintiff in reconvention, alleged himself to be a partner in Relan Produce, a partnership composed of himself, Charles Relan, and Bennie Relan, and that the truck in question was owned by the partnership. Apparently on behalf of the partnership, he asked for the value of a new motor and damages for the loss of the use of the truck due to faulty repairs performed by plaintiff. After trial on the merits, and argument on an application for a new trial, judgment was rendered in favor of Relan Produce and against plaintiff, dismissing plaintiff's suit, and awarding judgment on the reconventional demand for $1,200.00, subject to a credit of $62.00. From that judgment, plaintiff has appealed.
In July, 1969, plaintiff installed a new "short block" in Relan's truck. We gather from the record that a short block consists of all of the components of a new engine with the exception of the head. The new engine installed at that time was the same model as the old engine. The total amount charged was $700.05, which was paid by Relan.
The truck operated satisfactorily until the latter part of October. On October 31, 1969, some work was done on the brakes. On November 1, 1969, the truck was towed in, and some miscellaneous work was done, including muffler repair, installation of new headlight bulbs and a mirror, and carburetor repair. The total amount due for the work done on these two occasions was $63.20, which is admittedly due by Relan.
Later in November, 1969, the engine froze up due to a broken piston rod, and the truck was once again brought in to plaintiff for repairs. On this occasion, extensive repairs were done, including the installation of a new crankshaft, a new camshaft, one new piston rod, a new ring set, a new governor, and other parts. The total charge was almost $580.00. There was a disagreement between the parties, which eventually was settled by a reduction *466 of the bill to $550.00, which defendant paid by check. On the invoice is written: "Work done on this engine guaranteed for 30 days from this date. 11-22-69. H. A. Waters, Pres."
On the same day, while being driven on a trip to New Orleans, the truck once again suffered a broken piston rod, and defendants immediately stopped payment on their $550.00 check. This suit and reconventional demand followed. Since that time, the truck has remained at defendant's place of business, and no repairs have been performed thereon.
On the main demand, we find no error in the conclusion of the district judge that plaintiff is not entitled to recover, except to the extent of the $63.20 which is admittedly due. The conclusion is unescapable that, had the work been properly performed, the truck would not have suffered a broken piston rod on the same day the repairs were completed.
Defendant's reconventional demand is in two parts. First, it seeks recovery of the $700.05 paid by it for the installation of the new engine in July, and second, damages for the loss of use of the truck, at $200.00 per month. The theory on which recovery is sought for the price of the new engine is that, when the short block was installed, no governor was installed, which eventually caused the engine to fail. This contention is based on the fact that there was no governor on the engine when the truck was brought in with a thrown rod in November, and that no governor was charged for on the July, 1969, invoice. There is also testimony by defendant's expert that, when a short block is installed, the governor is transferred from the old engine to the new engine, and, therefore, would not show on the invoice for parts. We do not "believe that this evidence is sufficient to lead to the conclusion that a governor was not installed in July. It is just as reasonable to conclude that it was removed at some time after July by a thief or vandal. Since the truck was driven without any major difficulty for four and one half months after the July repairs, we believe that the evidence indicated those repairs were properly performed. We therefore hold that defendant is not entitled to recover the cost of a new engine.
Defendant prayed for damages for the loss of use of the truck at $200.00 per month. The testimony is to the effect that the hire of a replacement truck ran from $50.00 to $60.00 per day, and that the trucks made four or five trips per week. There is no evidence as to the cost of operating defendant's own truck. Damages for loss of use would, of course, be the difference between those two amounts, since defendant would have to pay to operate his own truck in any event.
In his reasons for judgment, the district judge found that a reasonable time to have the truck repaired would be three weeks, and awarded damages of $220.00 per week for loss of use, or a total of $660.00. This result is erroneous, since it makes no allowance for the cost of operating defendant's own truck. In cases such as this, when damages are obviously due, but the record is deficient in some respect, courts have the authority to award some reasonable amount as damages. Gureasko v. Polders, 111 So.2d 580 (La.App. 1 Cir. 1959). We think that $50.00 per week for the three week period would be reasonable.
Accordingly, the judgment appealed from is reversed in part and amended in part, and there will be judgment on the main demand in favor of plaintiff and against defendant in the full sum of $63.20, together with legal interest from date of judicial demand until paid; and judgment on the reconventional demand in favor of plaintiff in reconvention and against defendant in reconvention in the full sum of $150.00, together with legal interest from date of judicial demand until paid. Costs are to be equally shared by the parties hereto.
Reversed in part, amended in part, and rendered.

*467 ON REHEARING
Judgment was rendered in the trial court in favor of defendant-plaintiffs in reconvention for $1,200.00, subject to a credit of $62.00. Thereafter plaintiff-defendant in reconvention paid the full amount thereof to defendants, reserving the right to appeal. Plaintiff subsequently appealed devolutively, and we rendered judgment in favor of plaintiff on the main demand for $63.20, and in favor of defendants on their reconventional demand for $150.00. Plaintiff applied for a rehearing, claiming that he is entitled to have us render judgment against defendants for the amount which he voluntarily paid in satisfaction of the judgment rendered below. We granted the application so that we might consider the question.
Historically, in Louisiana, one who has voluntarily paid a judgment later reversed on devolutive appeal, or who has suffered execution of such a judgment, has been relegated to a separate action to recover the amount so paid or which was realized under the execution. See Mooney v. Corcoran, 15 La. 46 (1840); McWaters v. Smith, 25 La.Ann. 515 (1873); Fush v. Egan, 48 La.Ann. 60, 19 So. 108 (1895); Holland v. Bryan, 148 La. 999, 88 So. 246 (1921); Smith v. Phillips, 168 La. 406, 122 So. 126 (1929); Smith v. Phillips, 175 La. 198, 143 So. 47 (1932); Bomarito v. Max Barnett Furniture Co., 177 La. 1010, 150 So.2d (1933).
In his concurring opinion in State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208, at page 214 (1968), Justice Sanders said, citing some of the foregoing cases:
"Applicable here are the usual principles governing the recovery of money paid to satisfy a judgment later reversed on devolutive appeal. Having paid the executory judgment during the pendency of the appeal, the successful litigant is entitled to recover the sum paid in a separate suit."
We are of the opinion that plaintiff's remedy, if restitution is not voluntarily made by defendants, is to file a separate suit for the recovery of the amount paid by it to the defendants.
The original judgment of this court is therefore reinstated.