308 So.2d 493 (1974)
CHARLES C. CLOY GENERAL CONTRACTORS, INC.
v.
DIVINCENTI BROTHERS, INC.
No. 10039.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
*494 Gordon A. Pugh, Baton Rouge, for defendant-appellant DiVincenti Bros., Inc.
W. P. Wray, Jr., Baton Rouge, for plaintiff-appellee.
Emile M. Weber, Baton Rouge, for defendant-appellee Bowman.
Before LANDRY, BLANCHE and NEHRBASS, JJ.

ON MOTION TO DISMISS APPEAL
LANDRY, Judge.
Plaintiff (Contractor) has moved to dismiss the appeal taken herein by defendant (DiVincenti) on the ground that Appellant unconditionally and voluntarily acquidesced in the judgment rendered below by paying said judgment. We deny the motion to dismiss because movant has failed to establish Appellant's intent to abandon the appeal.
On May 3, 1974, Contractor obtained judgment against DiVincenti in the sum of $3,674.10, representing the balance due on a construction contract pursuant to which Contractor built a building for DiVincenti. The judgment also provided for interest from December 27, 1971, until paid. On May 17, 1974, DiVincenti took a devolutive appeal and posted the required appeal bond. On or about May 20, 1974, counsel for Contractor requested payment of the judgment. On May 30, 1974, DiVincenti's counsel wrote DiVincenti a letter advising that an appeal had been taken, but that it was necessary to pay the judgment. The letter further noted that in the event judgment was reversed on appeal, DiVincenti would be repaid. Under cover of a letter dated June 5, 1974, payment of the judgment was made to Contractor's counsel. At the request of counsel for appellant, the appeal transcript was then prepared and lodged in this court on July 17, 1974.
LSA-C.C.P. art. 2085 reads in pertinent part as follows:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him...."
Relying upon Meyer v. McClellan, La. App., 26 So.2d 373, and Langlois v. Southern Timber, Inc., La.App., 256 So.2d 320, Contractor argues that Article 2085, above, means that a litigant who complies with a *495 judgment against him by payment is deemed to have voluntarily and unconditionally acquiesced therein. We note, however, that in Meyer v. McClellan, above, the court also observed that the phrase "voluntarily and unconditionally acquiesced in a judgment rendered against him", as used in Article 2085, above, adds nothing to the interpretation of the article since the phrase is only a codification of prior jurisprudence on the subject matter.
It is well established that appeals are favored in law and will be disallowed or declared abandoned only for substantial cause. Walker v. Jones, 253 La. 908, 221 So.2d 44.
We find no merit in Contractor's contention that where payment is made, acquiescence is established by appellant's failure to reserve in writing, or otherwise, his right to appeal. The tenor of recent decisions establishes the rule that payment, even payment without express reservation of the right to appeal, does not per se constitute voluntary and unconditional acquiescence within the meaning of the term as employed in Article 2085, above. The unmistakable import of the latest decisions is that payment must be accompanied by intent to abandon the appeal, and that proof of such intent rests upon the party alleging abandonment. Henry Waters Truck & Tractor Co., Inc. v. Relan, La.App., 277 So. 2d 463; Baker v. Nelson, La.App., 265 So. 2d 825. To the same effect, see Culpepper v. Slater, La.App., 131 So.2d 76.
In this instance, there is a dispute between counsel regarding whether counsel for appellant advised counsel for Contractor, at the time payment was made, that an appeal would be taken. Under the circumstances, resolution of that difference is not required.
In this instance, before payment was made, appellant was advised by his counsel that the appeal would be prosecuted in an attempt to obtain reversal and repayment to appellant. Following payment, the appeal was in fact perfected by lodging the transcript in the appellate court. We conclude that payment was not accompanied by the required intent to abandon the appeal in this instance.
The motion to dismiss this appeal is denied at the cost of movant, Charles C. Cloy General Contractors. Inc.
Motion denied.