ON MOTION TO DISMISS
STOULIG, Judge.
Plaintiff, First National Bank of Jefferson Parish, has filed a motion to dismiss the appeal of five defendants cast in judgment on a promissory note.[1] The bank alleges appellants John A. Beninate, Michael A. Bruno, William T. Campbell, Ken J. LaGrue and Eugene E. Schaefer, Jr.,[2] voluntarily and unconditionally acquiesced in the judgment against them by paying the full amount due without obtaining a written reservation of rights to appeal..
Appellants resist and assert plaintiff’s counsel was advised on numerous occasions of their intention to appeal despite the fact of payment. Appellee denies ever receiving such notice. This conflict must be resolved in favor of the appellants, since the appellee, as the proponent of the motion to dismiss, bears the burden of establishing appellants’ intention to abandon the appeal by unconditionally acquiescing in the judgment.
We are of the opinion that the ruling in the case of Charles C. Cloy Gen. Con., Inc. v. DiVincenti Bros., Inc., 308 So.2d 493, 495 (La.App. 1st Cir. 1975), is dispositive of the issues raised in the motion:
“It is well established that appeals are favored in law and will be disallowed or declared abandoned only for substantial cause. Walker v. Jones, 253 La. 908, 221 So.2d 44.
“We find no merit in Contractor’s contention that where payment is made, acquiescence is established by appellant’s failure to reserve in writing, or otherwise, his right to appeal. The tenor of recent decisions establishes the rule that payment, even payment without express reservation of the right to appeal, does not per se constitute voluntary and unconditional acquiescence within the meaning of the term as employed in Article 2085, above. The unmistakable import of the latest decisions is that pay *729 ment must be accompanied by intent to abandon the appeal, and that proof of such intent rests upon the party alleging abandonment. Henry Waters Truck & Tractor Co., Inc. v. Relan, La.App., 277 So.2d 463; Baker v. Nelson, La.App., 265 So.2d 825. To the same effect, see Culpepper v. Slater, La.App., 131 So.2d 76.”
Furthermore, we note that the case of Henry Waters Truck & Tractor Co., Inc. v. Relan, 277 So.2d 463 (La.App. 1st Cir. 1973), supports the position of appellant that a verbal notice of intent to appeal is sufficient proof that the appellant had not acquiesced in the judgment even though it had been fully satisfied.
Applying this jurisprudence to the facts of the instant matter we conclude that the motion to dismiss is without merit and must be denied.
MOTION DENIED.

. Appellee obtained judgment in the sum of $37,192.09 against Louisiana Purchase Corporation, Overland-Louisiana, Overland Investment, Ltd., and Kenneth Whitfield, in addition to the five defendants named herein after a trial on the merits. Not involved in this motion to dismiss is the pending appeal of U. L. Roy from a third party judgment in favor of Eugene Schaefer, Jr.

. These defendants are individual guarantors on the obligations of Louisiana Purchase Corporation with the First National Bank of Jefferson Parish under a continuing guaranty agreement and as such were decreed to be jointly, severally, and solidarily liable.