CUTRER, Judge.
MOTION FOR REHEARING
On January 23, 1978, Stelly Construction, Inc. brought suit against Daniel Richard, seeking to recover $1,920.00 allegedly due Stelly for the clearing of Richard’s land. On May 3, 1978, Planters Securities Company, Inc. brought suit against Daniel Richard and Stelly Construction, Inc. for damages arising out of an alleged trespass on Planters’ land by the defendants. These two cases were consolidated for trial.
After trial on the merits, the trial court rendered judgment in favor of Stelly and against Richard. Although the judgment was captioned with the titles and docket numbers of both suits, it was silent as to the claim of Planters against Richard and Stelly. A motion for a new trial, styled “Planters Securities Company, Inc. v. Daniel Richard, et al.,” was timely filed and was denied.
Richard then obtained an order of appeal captioned “Planters Securities Co., Inc. v. Daniel Richard.” After being advised that “Planters Securities Co., Inc. v. Daniel Richard ” had been settled, this court dismissed the appeal of Richard, ex proprio motu, on the grounds that Richard had not effectuated an appeal in the case of “Stelly Construction, Inc. v. Daniel Richard” because the order on appeal only pertained to the *1212 Consolidated case of “Planters Securities Co., Inc. v. Daniel Richard.” See: Planters Securities Co., Inc. v. Daniel Richard, et al. and Stelly Construction, Inc. v. Daniel Richard,” 387 So.2d 1185 (La.App. 3rd Cir. 1980).
On rehearing this court reinstated the appeal finding that the order of appeal obtained by Richard contained an error in the caption and that Richard intended to and did appeal the judgment rendered in the Stelly case and not the Planters case. See: Planters Securities Co., Inc. v. Daniel Richard, et al. and Stelly Construction, Inc. v. Daniel Richard, 387 So.2d 1185 (La.App. 3rd Cir. 1980).
In accord with this court’s judgment on rehearing the case of “Stelly Construction Co., Inc. v. Daniel Richard,” was relodged on August 14, 1980, and on that date new Notices of Appeal were mailed to all counsel of record. Attached to the new Notices of Appeal was a Special Notice of Rule Changes, which is duplicated, in pertinent part, below:
SPECIAL NOTICE OF RULE CHANGES
COURT OF APPEAL, THIRD CIRCUIT
Section 5(b), Rule VII of the Uniform Rules-Courts of Appeal has been amended, effective October 3, 1978, to provide that the court may, ex proprio motu, consider abandoned and dismiss appeals in those cases in which the appellant has neither appeared nor filed a brief prior to the time the case is called for oral argument, or the time the case is submitted without oral argument on the docket of the court.
On October 11, 1978, the judges of the Court of Appeal, Third Circuit, adopted the following internal court rule to implement the above amendment to Section 5(b), Rule VII, Uniform Rules-Courts of Appeal. This rule provides as follows:
In cases to be submitted without oral argument on the docket of the Court, either because (1) no party has requested oral argument or (2) all parties have waived their rights to oral argument by failure to file briefs timely, the case will be docketed for submission without oral argument on the 60th day after the filing of the transcript of appeal in this Court. If the appellant’s brief is not filed within these 60 days, the Court shall, ex proprio motu, consider the appeal abandoned and order its dismissal. If the appellant files a brief within the last 10 days of these 60 days, the appellee shall have 10 days from the date the appellant files his brief in which to file a brief.
On September 2, 1980, the Clerk’s office sent counsel for the appellant a letter informing him that since neither the appellant nor the appellees had timely requested oral argument in this case, under Rule VIII Section 1 of the Uniform Rules, Courts of Appeal, the case would be submitted to the court for decision without oral argument. The letter also directed counsel’s attention to the internal rule implementing Rule VII Section 5(b) of the Uniform Rules, Courts of Appeal, that his appeal would be dismissed if he failed to file his brief within sixty (60) days from the date the case was re-docketed.
Under the above rule, the appellant’s brief was due on or before October 13,1980. No appellant brief having been timely filed, this court, ex proprio motu, rendered a judgment on November 6, 1980, dismissing the appellant’s appeal. From this judgment of dismissal the appellant timely moved for a rehearing. The appellant did finally file a brief on the merits in this matter, but not until October 17, 1980, which brief was untimely under the above quoted rules.
The appellant does not allege that he was not aware of these rule changes or that he failed to receive a copy thereof, but instead, argues that the rule is unenforceable because it is contrary to LSA-C.C.P. articles 561 and 2165. These articles read as follows:

“Art. 561. Abandonment in Trial and Appellate Court.

“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a 
*1213
period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1956, No. 36, § 1.”

“Art. 2165. Appeals deemed abandoned.

“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1956, No. 36, § 1.”

The above articles refer to dismissal of suits which have been abandoned by the parties who fail to take any steps in the prosecution for five years (trial court) or one year (appellate court). Pursuant to these articles the Uniform Rules, Courts of Appeal adopted Rule VII Section 5(a), which reads, in part, as follows:

“The court may, ex proprio motu:

“(a) Consider as abandoned and dismiss any appeal now or hereafter pending in which one year has elapsed without any steps having been taken in the prosecution thereof, in accordance with the provisions of Articles 561 and 2165 of the Code of Civil Procedure, as amended;

Under the above articles and Uniform Rule, if no steps are taken in the prosecution of an appeal for a period of one year, the appeal is declared to be statutorily abandoned and the Court of Appeal must dismiss same. The abandonment under the provisions of these articles cannot be waived by the court. The appellate court is left no discretion except to dismiss the appeal under these provisions.
The above provisions, however, do not restrict the rule making authority as contended by appellant.
The Uniform Rules of the Courts of Appeal have the longstanding Rule VII Section 5(b), which reads, in part, as follows:

“The court may, ex proprio motu:

* * * * * *
“(b) Consider abandoned and dismiss the appeal in any case in which the appellant has neither appeared nor filed brief prior to the time the case is called for argument....”
This rule has been in effect for many years and many cases have been dismissed under the provisions thereof, even though the one year period of Articles 561 and 2165 had not expired. As an example, see the cases of: Reed v. Sisson, 304 So.2d 877 (La.App. 2nd Cir. 1974); Hamilton v. South Central Bell Telephone Co., 291 So.2d 472 (La.App. 3rd Cir. 1974); International Union of Operating Engineers, Local 407 v. Derouen, 268 So.2d 723 (La.App. 3rd Cir. 1972); Wilkinson v. Southwestern Electric Power Company, 268 So.2d 330 (La.App. 2nd Cir. 1972); Greenwood Sanitation Company, Inc. v. Whittington, 268 So.2d 331 (La.App. 2nd Cir. 1972); and Dunnam v. Gipson, 262 So.2d 825 (La.App. 2nd Cir. 1972).
The validity of this rule has been upheld by our Supreme Court in the case of Walker v. Jones, 253 La. 908, 221 So.2d 44 (1969), wherein Justice McCaleb, as author of the opinion, held as follows:

“Section 5(b) of the Rule VII of the Uniform Rules, Courts of Appeal, is a valid exercise of the rule-making power vested in these courts by Articles 193 and 2162 of the Code of Civil Procedure

[1]

 and conforms with the well-settled jurisprudence of this Court

[2]

. The rule confers discretionary authority, providing as it does, that the court may consider abandoned and dismiss an appeal in any case in which the appellant has neither appeared nor filed brief prior to the date fixed for submission of the case. The rule being permissive in nature, the action of an appellate court, in dismissing an appeal, as abandoned, must always be reasonably exercised with due consideration being given to the principle that the law favors appeals and they should not be 
*1214
dismissed as abandoned except for sub-stantia} causes, even though the appellant or its counsel has failed to comply fully with the letter of the court rule.

This brings us to a discussion of our “60 day” internal rule that the appellant complains of.
In 1977 this court put into operation a central staff for the purpose of screening appeals. Immediately after the organization of the staff, we began having problems due to the fact that appellants’ briefs were not filed by the time the staff began its screening review. To remedy this problem we requested an amendment to Rule VII, Section 5(b), which now reads as follows:

“(b) Consider abandoned and dismiss the appeal in any case in which the appellant has neither appeared nor filed a brief prior to the time the case is called for oral argument, or the time the case is submitted without oral argument on the docket of the court.”

(The underlined portion was added on our request.)
Following the adoption of the amendment, this court adopted the rule which is set forth herein and of which appellant complains. We send to all counsel, in which cases are to be submitted without oral argument, a copy of this rule.
This rule has been in effect since October 3, 1978 and has provided an effective method of furthering the screening process of this court and further assisting in the orderly processing of appellate reviews.
The rule in question, substantially the same as the longstanding Rule VII Section 5(b), is a valid exercise of the rule making power of this court vested by Articles 193 and 2162 of the Code of Civil Procedure. It conforms with the well-settled jurisprudence of this state, Walker v. Jones, supra.
The appellant in this case failed to file his brief timely, not because he did not receive a notice of and was unaware of the rule and its time limits, but because he took the position that our rule was unenforceable. This presents, in our opinion, a substantial cause to declare the appeal abandoned. Thus, a dismissal of same is in order.
For these reasons, the appellant’s motion for a rehearing is denied.
MOTION DENIED.

 Article 193 C.C.P. vests general authority in all courts to adopt rules for the conduct of judicial business before it, including those governing matters of practice and procedure ‘which are not contrary to the rules provided by law.’ And Article 2162 C.C.P. provides in part: ‘An appeal can be dismissed * * * if, under the rules of the appellate court, the appeal has been abandoned. ’

 See Grand Lodge of the State of Louisiana, Knights of Pythias v. Natchitoches Lodge No. 89, Knights of Pythias, 215 La. 300, 40 So.2d 472; Hayes v. Petry, 218 La. 730, 50 So.2d 821; Antoon v. Mayor and City Commissioners and Building Inspector of City of Natchitoches, 218 La. 732, 50 So. 822; Frey v. Ingram, 219 La. 159, 52 So.2d 531; White v. Sharp, 220 La. 928, 57 So.2d 898; Peace v. Love, 223 La. 772, 66 So.2d 803; Mendes v. Kostmayer, 226 La. 730, 77 So.2d 21; Juneau v. Juneau, 227 La. 921, 80 So.2d 864; Benedict, Administrator v. Stulb, 230 La. 995, 89 So.2d 768; and other cases. ”