404 So.2d 902 (1981)
Louis PERKINS
v.
Howard L. COKER, Jr.
No. 81-C-2045.
Supreme Court of Louisiana.
September 28, 1981.
*903 John P. Navarre, Oakdale, for defendant-relator.
Perrell Fuselier, Oakdale, for plaintiff-respondent.
PER CURIAM.
This an application to review the dismissal of an appeal by the Court of Appeal. The writ is granted.
Defendant appealed from a judgment decreeing the ownership of immovable property in a petitory action. The Third Circuit dismissed the appeal for failure of defendant to file his brief within sixty days of the lodging of the transcript with the Court of Appeal.
The issue presented is whether the appellate court properly dismissed the appeal as abandoned. An appeal may be dismissed as abandoned only when there is strong evidence of an intent to abandon the appeal. Courts of appeal have the power to dismiss appeals as abandoned under C.C.P. 2162. This power has been limited in its application by C.C.P. 561 that provides, "[a]n appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year." (Emphasis added).
In the case at bar the transcript was lodged in the Third Circuit on March 16, 1981, and the brief was filed May 17, 1981. The brief was filed prior to the date set for oral argument, but the court below dismissed the appeal as abandoned. The dismissal was contrary to C.C.P. 561 and Rule VII, § 5(b) of the Uniform Rules, Courts of Appeal, that provides:
"The court may, ex proprio motu: (b) Consider abandoned and dismiss the appeal in any case in which the appellant has neither appeared nor filed a brief prior to the time the case is called for oral argument, or the time the case is submitted without oral argument on the docket of the court. By `appearance' is meant personal appearance in open court, or the filing of a written instrument negating any intent to abandon the appeal, or the filing of a written pleading; ..."
We find the harsh sanction of the Third Circuit inappropriate in this case. Careful consideration must be made before intent to abandon an appeal is found. The scope of § 5(b) of Rule VII of the Uniform Rules, Court of Appeal, was explained in Walker v. Jones, 253 La. 908, 913, 221 So.2d 44, 46 (1969):
"... The rule confers discretionary authority, providing as it does, that the court may consider abandoned and dismiss an appeal in any case in which the appellant has neither appeared nor filed brief prior to the date fixed for submission of the case. The rule being permissive in nature, the action of an appellate court, in dismissing an appeal, as abandoned, must always be reasonably exercised with due consideration being given to the principle that the law favors appeals and they should not be dismissed as abandoned except for substantial causes, even though the appellant or its counsel has failed to comply fully with the letter of the court rule."
Walker was relied upon to reinstate "abandoned" appeals in Messer v. Department of Corrections, 349 So.2d 1273 (La. 1977); Mills v. Adams, 353 So.2d 1339 (La. 1978) and Wilson v. Schwegmann Brothers, 373 So.2d 1309 (La. 1979).
The dismissal of the appeal herein by the Third Circuit Court of Appeal is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion.