PONDER, Judge.
Appellees filed a motion to dismiss this appeal on the grounds that it was not timely filed in that appeal costs were not paid within the applicable delay; that the order allowing appellants to appeal in forma pau-peris was signed by a judge without authority; that affidavits of poverty were not *748 attached to the motion; and that appellants have abandoned the appeal. We issued an order to show cause.
We recall the order and deny the motion.
The trial court sustained exceptions of no right and/or no cause of action. A timely motion for a new trial was denied. A timely motion for a devolutive appeal in forma pauperis was granted. After the record was lodged in our court, appellees filed a motion to remand to allow an opportunity to traverse appellants’ right to proceed in forma pauperis. After appellee took no further action in the trial court for nearly three years, appellants moved to assign a hearing on appellees’ rule to traverse. The court maintained appellants’ right to appeal in forma pauperis.
The contention that the appeal was not timely perfected is without merit. Appellants obtained a timely order granting them an appeal in forma pauperis. Also without merit is the contention that the judge signing the order for appeal was without authority. He is a judge of a different division in the same judicial district. Each judicial district constitutes a single court. Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626 (La.1974). The order was properly signed.
The failure to attach affidavits of poverty to the original motion to be allowed to proceed in forma pauperis was a relative nullity which was cured by the filing of the affidavits before the motion to traverse.
A motion to dismiss an appeal on grounds of abandonment should be granted only on strong evidence of an intent to abandon. Perkins v. Coker, 404 So.2d 902 (La.1981). The appellants have not evinced a clear intent to abandon. The evidence is to the contrary.
RULE RECALLED; MOTION TO DISMISS DENIED.