FRED W. JONES, Jr., Judge.
Acadian Bank sued Troy L. Bates, H2S Services, Inc., and Cody C. Beasley for principal and interest on five promissory notes. At trial the defendants did not contest their liability on the notes, but sought to have the trial judge fix a reasonable attorney fee in lieu of the 25% attorney fee stipulated in the notes. The trial court received evidence on the issue of attorney fees and awarded judgment for the bank on the notes together with an attorney fee set at $13,000, including expenses. Defendants paid the judgment in full. The bank and its attorney executed an authentic act styled: “Satisfaction of Judgment.” The following is a reproduction:
ACADIAN BANK OF THIBODAUX VERSUS TROY L. BATES, CODY C. BEASLEY and H2S SERVICES, INC.
NUMBER 62827
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA
SATISFACTION OF JUDGMENT
STATE OF LOUISIANA
PARISH OF LAFOURCHE
BEFORE ME, the undersigned authority, a Notary Public, duly qualified in and for the State and Parish aforesaid, and in the presence of the undersigned competent witnesses, personally came and appeared:
ACADIAN BANK OF THIBODAUX, a Louisiana banking corporation, represented herein by its undersigned officer, duly authorized; and
RALPH D. HILLMAN, its attorney of record,
who, being by me duly sworn, declared:
1.
THAT ACADIAN BANK OF THIBO-DAUX and RALPH D. HILLMAN, its attorney, acknowledge receipt of the sum of ...ONE HUNDRED FIVE THOUSAND SIX HUNDRED NINETY-EIGHT AND 08/100...($105,698-08)...DOLLARS, paid to them jointly by Cody C. Beasley, in full, final and complete satisfaction of the judgment rendered in the above numbered and entitled cause in favor of ACADIAN BANK OF THIBODAUX and against CODY C. BEASLEY and H2S SERVICES, INC., in solido, which judgment was signed on September 11, 1984.
2.-
APPEARERS further declared that the aforesaid payment has been accepted by them as full payment of all sums of principal, interest and attorney’s fees due and payable to them by the H2S SERVICES, INC., CODY C. BEASLEY and TROY L. BATES under the terms of the aforementioned judgment; they further declare that H2S SERVICES, INC., CODY C. BEASLEY and TROY L. BATES are hereby released and relieved of any and all liability under the terms of said judgment; and they hereby authorize and direct the Clerk of Court and Recorder of Mortgages for the Parish of Bossier, State of Louisiana, to cancel and erase from her records any inscription of said judgment heretofore made.
*900 DONE AND SIGNED AT Thibodaux, Louisiana, this 3rd day of October, 1984.
WITNESSES: ACADIAN BANK OF THIBODAUX
_ BY:_
RALPH D. HILLMAN
NOTARY PUBLIC
On the same day that the “Satisfaction of Judgment” was executed, the bank filed this appeal seeking reversal of the trial court’s judgment fixing the attorney fees at less than 25% of the promissory notes. We dismiss the appeal ex proprio motu for the following reasons.
Appellant claims that the “Satisfaction of Judgment” is a mere receipt for the appel-lees’ money. It further argues that there was no intent to settle the casé or waive any rights.of appeal.
The “Satisfaction of Judgment” was executed in authentic form. See La.C.C. Art. 2234.[1] An authentic act is full proof of the agreement contained in it. La.C.C. Art. 2236. The acknowledgment of payment made in an authentic act cannot be contested. La.C.C. Art. 2237. Parol evidence is not admissible to expand upon an authentic act when it is not ambiguous. La.C.C. Art. 2276. Consequently, no argument made by appellant contrary to the clear intent of the “Satisfaction of Judgment” has validity.
The document reproduced clearly includes the attorney for the bank acting in his own capacity. Both the bank and the attorney acknowledge receipt of the money “in full, final, and complete satisfaction of the judgment rendered.... ” Furthermore, the payment was expressly declared to be accepted as “full payment of all sums of principal, interest and attorney’s fees.... ” Finally, the act released the appellees from all liability under the judgment and authorized the Clerk of Court to erase the judgment from the parish records.
“Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La.C.C.P. Art. 2082. An appealable judgment is subject to transaction and compromise. La.C.C. Arts. 1829, 3082. An appeal cannot be taken once a judgment has been compromised, since a compromise puts an end to the lawsuit. La.C.C. Art. 3071. In this case, the judgment was satisfied prior to the order of appeal; consequently, the appeal must be dismissed.
The cases cited by the appellant are distinguishable. In the case before us, the party that prevailed in the trial court is seeking an appeal to increase the amount accepted in payment of the judgment. We also note that the written satisfaction of judgment was in the record before any appeal was taken. In none of the cases cited by appellant was there a written document purporting to satisfy the judgment.
In Walker v. Jones, 253 La. 908, 221 So.2d 44 (1969), the Supreme Court of Louisiana reversed dismissal of an appeal by the First Circuit for failure to file a brief. In Waters Truck & Tractor Co., Inc. v. *901 Relan, 277 So.2d 463 (La.App. 1st Cir. 1973), counsel for both parties stipulated that plaintiff’s counsel reserved his right to appeal when he paid defendant the amount the trial court awarded in a reconventional demand. In Charles C. Cloy, Gen. Con., Inc. v. Divincenti Bros., Inc., 308 So.2d 493 (La.App. 1st Cir.1974), defendant/appellant took a devolutive appeal before making any payment. Furthermore, the payment was requested by the plaintiff with the assurance that it would be repaid if defendant prevailed on appeal. Finally, in First National Bank, Jefferson Par. v. Louisiana Pur. Corp., 328 So.2d 727 (La.App. 4th Cir.1976), the court found as a matter of fact that there was verbal notice of appeal by the paying party when the judgment was paid.
In the case before us, the party accepting payment now seeks to increase the judgment after it had received its money. This is analogous to an insured accepting a draft from an insurer in satisfaction of a claim, cashing it, then suing for more money. Settlements outside of court are favored by the law. Succession of Teddlie, 385 So.2d 902 (La.App. 2d Cir.1980). The party accepting payment has the burden of proving that the paying party has abandoned its appeal; likewise, the party accepting payment has the burden of proving that it has reserved its appeal rights. This result both favors appeals and favors settlement outside of court.
For the foregoing reasons, this appeal is dismissed, with costs assessed to appellant.

. The La. Civil Code articles cited herein are those in effect at the time the document was executed. These articles were reenacted and revised by Acts 1984, No. 331, effective January 1, 1985.