SUMMERS, Justice.
About four o’clock on the morning of August 29, 1962 Golda F. Walker was driving a 1955 Plymouth automobile in a southerly direction on U.S. Highway 61. When she reached a point approximately 9.1 miles north of Baton Rouge, she collided with the Chevrolet automobile of William Jones who approached the point of collision from the opposite direction on that same highway.
The automobile driven by Golda F. Walker belonged to James E. Walker, her husband, who was seated at her side at the time. Their two children James C. Walker and Alicia Walker occupied the rear seat. William Jones had one passenger, Luvenia Hudson.
At the point in the highway where the collision occurred, it is a four lane divided highway to the north and a two lane highway to the south. Where the two lane highway meets the four lane highway a pronounced right turn is required of vehicles approaching from the south in order to reach the two northbound lanes of the four lane portion of the highway. A ma *407 cadam median strip about four inches high, dividing the two northbound lanes from the two southbound lanes of the four lane highway is constructed in such a manner that it creates an obstruction in the right or northbound lane of the two lane road. Vehicles approaching from the south are thus compelled to turn sharply to the right to reach the northbound lanes of the four lane portion of the highway.
As William Jones approached this obstruction, headed north in his lane of travel, he struck the macadam median and was propelled to the left into the southbound lanes of the four lane portion of the highway, where he came to rest. Almost immediately thereafter he was struck by the southbound automobile driven by Golda Walker. As the vehicles collided they were both struck by a truck which sped away from the scene. The truck and its driver were never located. As a result, Luvenia Hudson was killed and the other occupants of both cars received personal injuries. Both automobiles were badly damaged.
Suit was filed by James E. Walker for himself and his children and by Golda F. Walker, his wife, for personal injuries, pain and suffering, medical expense, loss of earnings and property damage against the State of Louisiana through the Department of Highways, William Jones and the unknown driver and owner of the truck seeking judgment in solido against these defendants.
William Jones answered, denying liability for the injuries and damage. In a third party petition he alleged there were no highway markers warning vehicles traveling north at this point of the hazardous condition or instructing them to turn to the right; he was blinded by the bright lights of the oncoming car, and the Walker automobile should have stopped when they saw his vehicle in their path. On the basis of these facts, he alleged that the accident was caused by the concurrent negligence of the Department of Highways, Golda F. Walker and her husband James E. Walker.
Government Employees Insurance Company intervened as the subrogee of the Walkers to whom it had paid substantial sums under the uninsured motorist coverage of the policy it issued.
The Highway Department answered both the original petition of the Walkers and the third party action of Jones, denying all liability and alleging the contributory negligence of the Walkers and Jones.
After trial the judge a quo assigned written reasons for judgment on October 4, 1967 in which he found the Walkers and Jones free of negligence and decreed the Department of Highways at fault for not maintaining proper safeguards and warnings for motorists at the location of the collision. This fault was found to be the *409 sole cause of the collision and damage. An award was made in favor of the Walkers and in favor of Jones against the Department. The claim of the Walkers against Jones and Jones’ claim against the Walkers were dismissed. The intervention of Government Employees Insurance Company was allowed.
Nine days after the trial judge handed down his reasons for judgment, he signed a formal judgment on October 13, 1967 in favor of the Walkers against the Department of Highways. On October 16, 1967, the Department appealed suspensively from the judgment of October 13. Then on January 11, 1968, Jones moved for and was granted a devolutive appeal from this judgment.
In the meantime, on October 27, 1967, the trial judge signed a formal judgment awarding recovery to Jones as third party plaintiff against the Department as third party defendant on Jones’ third party action. The third party action was also dismissed against the Walkers. No appeal was ever taken by the Department from this latter j udgment.
When the appeal from the judgment in favor of the Walkers against the Department was lodged, it was dismissed as abandoned; for when the case was called for argument during the Court’s session, no personal appearance was made on behalf of the Department. 212 So.2d 852. When the Department applied here for review, we granted writs, 252 La. 703, 213 So.2d 43, set aside' and annulled the dismissal and remanded the case to the Court of Appeal for disposal of the appeal on its merits. 253 La. 908, 221 So.2d 44.
In consideration of the appeal on its merits, the Court of Appeal first found that Jones’ appeal from the judgment of October 13, 1967 in favor of the Walkers against the Department was untimely. The appellate court found, however, that the trial court was authorized to sign the second judgment on October 27, 1967 on Jones’ third party action. The Court reasoned that the judgment in favor of Walker on the main demand was a partial judgment, and the trial court retained jurisdiction to adjudicate the remaining issues, citing Article 1915 of the Code of Civil Procedure and McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965), as authority for its position. And, since no appeal was taken by the Department from this second judgment in favor of Jones, the judgment had become final.
On the question of fault and the damages claimed, the Court of Appeal affirmed the trial court’s finding and the award to the Walkers.
A rehearing was granted in order that the Court might further consider its prior ruling that the first judgment signed by the trial court in favor of the Walkers on
*411 October 13, 1967 was a partial judgment under Article 1915 of the Code of Civil Procedure, and that the trial judge retained jurisdiction of Jones’ third party demand with authority to sign a separate judgment on that third party demand, despite the intervening appeal by the Department from the judgment of October 13, 1967 on the main demand of the Walkers. The Court of Appeal reaffirmed its position on this issue. It also found that, in view of this position on the validity and finality of the third party judgment, it was unnecessary to reconsider the timeliness of Jones’ appeal from the judgment of October 13, 1967 on the main demand, but the Court felt constrained to note on this rehearing that it was then conceded that Jones’ appeal had been timely. 230 So.2d 851.
The Department applied to this Court for review, and we granted certiorari limited to the contention that the Court of Appeal erred in concluding that the judgment signed on October 13, 1967 was a partial judgment within the meaning of Article 1915 of the Code of Civil Procedure so that the trial judge retained jurisdiction to sign the second judgment on October 27, 1967 after an appeal had been taken on October 16, 1967 from the first judgment. In all other respects the Department’s application was denied. 255 La. 803, 233 So.2d 247. .
The Department’s position is based upon the authority of Article 2088 of the Code of Civil Procedure, which, according to its 1964 amendment in effect at the time, provides :
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131 ;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
*413 (7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal. (Emphasis added.)
This article is to be understood to divest the trial court of jurisdiction over the case when the appeal is taken only with respect to those matters which are reviewable under the appeal. Gormley v. Gormley, 161 La. 121, 108 So. 307 (1926); New Orleans Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148 (1922); Yazoo & M.V.R. Co. v. Teissier, 135 La. 19, 64 So. 928 (1914); State ex rel. Jennings-Heywood Oil Syndicate v. DeBaillon, 113 La. 572, 37 So. 481 (1904); State ex rel. Malady v. Judge, 22 La.Ann. 264 (1870); Poeyfarre v. Delor, 7 Mart. (O.S.) 1 (La. 1819).
In the Department’s appeal from the first judgment based upon the principal action instituted by the Walkers, only the issues posed by that action could be the subject of review on that appeal. And the judgment appealed from dealt solely with the claim of the Walkers, and the intervenor Government Employees Insurance Company, against the Department and Jones; it did not touch upon or adjudicate any of Jones’ claims against the Department and the Walkers under his third party action. The trial court was not, therefore, divested of jurisdiction as to Jones’ third party action because, in the language of Article 2088, it was not one of the “matters in the case reviewable under the appeal.” That is to say, the trial court is divested of jurisdiction in the case only insofar as the parties and issues which are the subject of the judgment appealed from.
The Department also contends that the trial court’s action in signing two judgments in this case violates the rule that there should be one final judgment in a case to avoid multiplicity of appeals and piecemeal litigation. But those desirable objectives, if they can be called rules, like so many others in law, are not absolute; they are subject to exceptions under our Code where the rules of joinder are liberal. Thus Article 1915 of the Code of Civil Procedure permits the rendition of partial judgments in these terms:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners; ******
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
*415 If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjuidcate the remaining issues in the case.
Except for the vague contention that •rnultiple appeals and piecemeal litigation are reprehensible, we are unable to agree that the signing of multiple judgments in cases involving third party actions is otherwise reprobated. To the contrary, because of the complexity which sometimes attends suits involving incidental demands, separate or partial judgments may often more properly serve orderly adjudication than a single judgment. Thus by Article 1915 (1) and 1915 (4) partial or separate judgments are authorized and .contemplated in more than one situation where, third party demands are concerned.
Under the Code of Civil Procedure a demand against a third party is an incidental demand, Article 1031; its petition, Article 1032; exception and motions, Article 1034; and answer, Article 1035 are separately regulated; and the Court may render separate judgments on principal and incidental demands, Articles 1038 and 1915. These latter two articles would seem to imply that the Court should do so only when the matters are separately tried.
However, as here, when the Court after assigning written reasons to support adjudication of both the principal and third party demand, through inadvertence or otherwise, signs a formal judgment disposing of the principal demand without the knowledge or participation of counsel for third party plaintiff, a separate adjudication of the third party demand would not seem to be prohibited in our law, simply because it is not specifically authorized in the Code. The authority of Articles 1038 and 1915 would seem broad enough to permit this separate judgment in this third party demand. McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965); Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La.App. 1969); Meaux v. Hoffpauir, 219 So.2d 551 (La.App. 1969), cert. denied, 253 La. 1096, 221 So.2d 522.
The notion that separate judgments are undesirable, because multiple appeals and piecemeal litigation result, has been employed by courts as standards which serve to conserve time and expense for the litigant and the courts; the argument has not been advanced, so far as we can ascertain, to defeat a claim when a court has decided in favor of a litigant, but for some reason has inadvertently failed to incorporate that decision in a proper formal judgment.
Accordingly, we hold that the trial court retained jurisdiction in this matter to sign the judgment in favor of Jones as third party plaintiff against the Department as ■third party defendant. As no appeal was taken from that judgment, it is final.
*417 Having reached this result, we find it unnecessary to decide Jones’ contention that the finding that his appeal from the first judgment was timely makes all other questions moot.
The judgment of the Court of Appeal is affirmed.