WATSON, Justice.*
This is a lawsuit arising out of an inter-sectional collision in the City of New Orleans. Jo Ann Chatelain, the owner and driver of one of the automobiles, joined with her husband Clayton and guest passenger Nobie Evans to claim damages from the owner and driver of the other automobile, Cora L. Payzant. Defendant Payzant reconvened against the Chatelains asking indemnification or contribution as to any judgment in favor of Nobie Evans. The trial court concluded that the accident re- *942 suited solely from the negligence of Jo Ann Chatelain. Judgment was rendered in favor of defendant, dismissing plaintiffs’ suit, and plaintiffs appealed. After reargument before a five judge panel, the Court of Appeal concluded that both drivers were negligent and reversed in part to award guest passenger Evans damages of $12,800 against defendant Payzant. A writ was granted at the instance of Cora L. Payzant to review the judgment.
Defendant Payzant contends that the Court of Appeal erred in finding her guilty of negligence and, in the alternative, if she should be found guilty of negligence, that she is entitled to recover against Jo Ann Chatelain on her reconventional demand.
Prior to the collision, defendant Payzant was in the process of making a U-turn through the neutral ground of Carrollton Avenue. Ms. Chatelain had been stopped at a stop sign on Pritchard Place, an intersecting street. Pritchard Place forms a T-intersection with Carrollton. The impact involved the left front bumper of the Chate-lain truck and left front fender of the Pay-zant car. Both Jo Ann Chatelain and Nobie Evans said that the Chatelain panel truck was already in the neutral ground of Car-rollton Avenue when the Payzant automobile turned into it from the lake-bound lanes of Carrollton. According to Mrs. Pay-zant, she had her left blinker on and was completing her U-turn from the neutral ground into the river-bound lanes of Car-rollton when the Chatelain truck suddenly pulled out from the stop sign into her path.
The damage to. both vehicles was very minor. The three judge majority of the Court of Appeal stated that Cora Payzant was negligent in leaving her place of safety in the neutral ground and failing to see the Chatelain truck. Cora Payzant said she expected the truck to remain stationary at the stop sign. The location of the damage indicates that defendant Payzant was turning to the left when the collision occurred.
The first question is whether the Court of Appeal was correct in finding defendant Payzant as well as plaintiff Chate-lain negligent. Cora Payzant’s U-turn necessitated two left turns, one into the neutral ground and one out of that area. She was required to yield the right-of-way to other vehicles. LSA-R.S. 32:122. Both drivers were proceeding at a slow speed and the inescapable conclusion is that the slight impact could have been avoided if they had been properly alert and attentive. The Court of Appeal did not err in finding Cora Payzant’s negligence to be a cause in fact of the accident.
The second question is whether the Court of Appeal was correct in not awarding defendant Payzant judgment on her reconventional demand for contribution against the Chatelains. Defendant Payzant did not appeal or answer the appeal but contends that it was not necessary because the reconventional demand was not disposed of by the trial court judgment, which dismissed plaintiffs’ suit.
It has been held that a judgment for plaintiff by implication rejects a reconven-tional demand on the part of defendant. Rester v. Davidson, 29 So.2d 527 (La.App. 1 Cir. 1947). However, where, as here, there is a judgment in favor of defendant, there is no implied rejection of defendant’s recon-ventional demand.
In Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970) it was held that the trial court was not divested of jurisdiction over a third party action when that action had not been adjudicated and was not reviewable on appeal.
At the time this judgment was signed, the trial court could not have decided the reconventional demand because it only asked indemnification or contribution, if Cora Payzant was cast in judgment. The judgment was in her favor and it was unnecessary to decide the reconventional demand. When the Court of Appeal reversed the trial court judgment in part, the trial court retained jurisdiction over the recon-ventional demand. It was unnecessary for defendant Payzant to appeal or answer the appeal because the reconventional demand had never been decided. Therefore, the matter will be remanded to the trial court *943 for judgment on Cora Payzant’s reconven-tional demand for contribution against Clayton and Jo Ann Chatelain.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

 Honorable Edward A. de la Houssaye, III participated in this decision as Associate Justice ad hoc.