498 So.2d 28 (1986)
Edward C. ALKER
v.
Lucy R. RAUCH, Clerk of Court for the Parish of St. Tammany; Parish of St. Tammany; Louis E. Chenel, individually and as an officer of L.E.C., INC.; Denise C. Vallon, individually and as an officer of L.E.C., Inc.; L.E.C., Inc.; F. Pierre Livaudais, Robert J. Crawley, individually and D/B/A Merrywood Property Owners Association and Percy J. Watson, individually and D/B/A Merrywood Property Owners Association.
No. CA 86 0291.
Court of Appeal of Louisiana, First Circuit.
September 25, 1986.
*29 Michael E. Soileau, Covington, for plaintiff Edward Alker and intervenors-Venedict Viola & Charles J. Collins, Jr., appellants.
Richard F. Knight & E.B. Dittmer, Bogalusa, for defendants, F. Pierre Livaudais, Denise C. Vallon, and L.E.C., Inc., appellees.
Lee Grevemberg, Mandeville, for defendant, The Parish of St. Tammany, appellee.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This court issued an order, ex proprio motu, directing the parties to show cause why this appeal should not be dismissed on the basis that it is from a non-appealable interlocutory judgment.
On August 12, 1985 plaintiff, Edward C. Alker, filed an application for a writ of mandamus[1] seeking to compel the Clerk of Court for St. Tammany Parish to remove and erase from her records certain inscriptions and restrictive covenants placed upon Merrywood Estates Subdivision, Addition 4. Named as defendants therein are Lucy R. Rauch, Clerk of Court for St. Tammany Parish; St. Tammany Parish; Louis E. Chenel, individually and as an officer of L.E.C., Inc.; Denise C. Vallon, individually and as an officer of L.E.C., Inc.; F. Pierre Livaudais; Robert J. Crawley, individually and d/b/a Merrywood Property Owners Association; and Percy J. Watson, individually and d/b/a Merrywood Property Owners Association. On August 26, 1985 Benedict X. Viola and J. Charles Collins, Jr. filed a petition of intervention in this matter alleging that they are entitled to the same relief sought by Alker because they also own property located in Merrywood Estates Subdivision, Addition 4 which is affected by the inscriptions and restrictive covenants.
On October 9, 1985 defendants Livaudais, Vallon, and L.E.C., Inc. filed a dilatory exception pleading the objection of unauthorized use of summary proceedings on the basis that the cancellation of restrictive covenants from the conveyance records is not a ministerial duty of the Clerk of Court and is thus not susceptible to compulsion by mandamus. The trial court signed a judgment maintaining the exception on November 25, 1985, in which Alker, Viola, and Charles were ordered to amend their pleadings within 15 days, in default of which their demands would be dismissed with prejudice. On December 30, 1985, an order of appeal was entered by the trial court granting plaintiff and intervenors a devolutive appeal from the November 25 judgment. Plaintiff and intervenors have appealed the judgment maintaining the exception rather than comply with the order therein to amend the pleadings, therefore the record does not contain any amended pleading filed by plaintiff and/or intervenors. Although the judgment sustaining the exception states that failure to amend by plaintiff and intervenors will result in the dismissal of their demands, there is no such dismissal judgment to be found in the record.
The conditional judgment before us, without a subsequent judgment setting out final dismissal, does not fit the criteria for an appealable judgment being neither a final judgment nor an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083, Falgoust v. Luck, 477 So.2d 822 (La.App. 5th Cir.1985); Williams v. City of Bastrop, 464 So.2d 1389 (La.App.2d Cir.1985). A judgment granting the dilatory exception raising the objection of unauthorized use of summary proceedings does not determine the merits of the case, only preliminary matters in the course of the action; thus it is not a final judgment, but rather an interlocutory judgment. LSA-C.C.P. art. 1841. Interlocutory judgments are only appealable if such may cause irreparable injury. LSA-C.C.P. art. 2083. There is no irreparable harm *30 suffered by Alkers, Viola, and Charles as a result of this judgment because, even after the period of leave to amend that was provided in the judgment has elapsed, plaintiff and intervenors may still amend their pleadings unless or until the defendants have moved for dismissal. Taylor v. Consolidated Rail Corporation, 391 So.2d 1351 (La.App. 4th Cir.1980). In essence, this judgment does nothing more than order or permit an amendment within a delay allowed by the court as provided by LSA-C.C.P. art. 934. Appellants have failed to come forth with a subsequent judgment of dismissal so there is no appealable judgment in this matter, hence the appeal should be dismissed.
For the foregoing reasons the appeal is dismissed at appellants' cost.
NOTES
[1] Plaintiff also requested other declaratory relief in his petition which are not a part of this appeal.