PITCHER, Judge.
This appeal arises out of the trial court’s judgment granting a motion for summary judgment.
FACTS
On or about June 13, 1990, Exxon Corporation (Exxon) submitted a bid on Tract 90-12, covering approximately 640 acres located within Township 22 South, Range 31 East, Section 16, Buras Levee District, Plaquemines Parish, Louisiana. The bid was offered pursuant to an advertisement for public bids for an oil, gas and mineral lease by Plaquemines Parish Government (PPG), as the Buras Levee District, in compliance with La.R.S. 30:126, et seq. As required by the bid fprm, Exxon submitted a cashier’s check in the amount of $511,-200.00, made payable to PPG, with its bid. A provision in Exxon’s bid stated that the bid was subject to and conditioned upon PPG obtaining a valid written ratification and approval of the lease contract by the Plaquemines Parish School Board (PPSB) and the State of Louisiana, as trustee for the PPSB. On June 28, 1990, PPG accepted Exxon’s bid and negotiated Exxon’s cashier’s check.
On May 6, 1991, the PPSB resolved to ratify the lease. This ratification was executed on May 13, 1991. The lease, and the bid form, was also submitted to the State Mineral Board (SMB), which rejected the lease on May 8, 1991.
On June 7, 1991, PPG filed a petition in district court seeking review of the ruling of the SMB, claiming that the SMB arbitrarily and capriciously failed to comply with its statutory duty to approve the lease with Exxon. PPG sought, among other things, a judgment directing the SMB to approve the lease and to have the lease countersigned by the duly authorized officer of the SMB.
Thereafter, Exxon filed a petition of intervention, naming as defendants PPG and the SMB. Exxon sought a judgment which would direct PPG to refund its $511,200.00 payment. Exxon claimed in its petition that PPG failed to furnish Exxon with a valid lease and failed to obtain the valid written ratifications by the PPSB and by the State of Louisiana as trustee for the PPSB. Additionally, Exxon claimed that the lease was null and void under LSA-R.S. *1053 30:158 because the SMB had refused to approve the lease.
The SMB filed an exception raising the objection of no cause of action to PPG’s petition, an answer to PPG’s petition for review, and a motion for summary judgment. In this filing, SMB asserted, among other things, that the lease had been rejected because of an “illegal condition”, i.e., the bid was subject to and conditioned upon PPG obtaining a valid written ratification and approval of the lease contract by PPSB and the State of Louisiana, as trustee for the PPSB. LSA-R.S. 80:152 and 153 specify that only the school board, or the State, through the SMB, is authorized to lease sixteenth section lands. SMB argued that the ratification by the PPSB of this lease would be an approval by PPSB of the lease of a sixteenth section by PPG, an entity which is not authorized to lease these lands.[1]
Exxon subsequently filed a motion for summary judgment asserting that (1) PPG had not provided the written ratification of the State of Louisiana, as trustee for the PPSB, as required by the bid, and (2) the lease had not been approved by the SMB. Thus, the lease was null and void, under La.R.S. 30:158 and Exxon was entitled to a return of its $511,200.00 payment.
The district court initially denied Exxon’s motion for summary judgment.[2] The district court amended and supplemented this judgment to reflect that the SMB was governed by the Administrative Procedure Act, in LSA-R.S. 49:950 through 49:970.
Exxon filed a motion for a new trial and, alternatively, motion for reconsideration of its motion for summary judgment on the grounds that the intervention was an incidental demand which was not governed by the Administrative Procedure Act, and, thus, summary judgment was appropriate.
The SMB also filed a motion for a new trial, alleging that the portion of the judgment finding that the SMB was under the Administrative Procedure Act was clearly contrary to law and evidence.
On November 20, 1991, the district court granted Exxon’s motion for a new trial and, alternatively, for reconsideration of Exxon’s motion for summary judgment. The district court then granted the motion for summary judgment.
From this adverse judgment, PPG appeals assigning the following errors:
1.
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON EXXON CORPORATION’S INTERVENTION BEFORE TRIAL AND JUDGMENT OF THE PRINCIPAL DEMAND WHEN IT IS CLEAR THAT SUCH ACTION WOULD SEVERELY PREJUDICE THE PLAINTIFF.
2.
THE TRIAL COURT ERRED IN GRANTING EXXON CORPORATION’S MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE MATERIAL ISSUES OF FACT AND EXXON CORPORATION FAILED TO ESTABLISH THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
APPLICATION OF LSA-C.C.P. ART. 1038
PPG contends that the trial court erred in granting summary judgment of Exxon’s *1054 intervention prior to the trial and judgment on the principal demand when it was clear that this action would severely prejudice PPG. PPG reasons that the trial court abused its discretion in applying LSA-C.C.P. art. 1038 to the present case. PPG asserts that the application of this article creates the same problems this article was intended to eliminate — unfairness, piecemeal appeals, and additional litigation.
LSA-C.C.P. Art. 1038 provides:
The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.
A trial court had discretion in determining whether the incidental demands are to be tried with the main demand. Whitener v. Clark, 356 So.2d 1094, 1096 (La.App. 2nd Cir.), writ denied, 358 So.2d 638, 641 (La.1978). The trial court can order separate trials and render separate judgments on the principal and incidental demands, if it appears that fairness and orderly procedure would best be achieved by separate trials. Walker v. Jones, 257 La. 404, 242 So.2d 559, 563 (1970); Doyle v. Picadilly Cafeterias, 576 So.2d 1143, 1149 (La.App. 3rd Cir.1991).
In the instant case, PPG’s principal demand seeks a review of the SMB’s failure to approve the Exxon lease on the grounds that the SMB’s actions were arbitrary and capricious. This demand has not yet been adjudicated by the trial court; the principal demand is still pending. Exxon, through its intervention, sought the return of its deposit money for PPG's failure to complete the requirements set forth in their bid form. The trial court noted that fairness would be achieved by addressing Exxon’s intervention separately from the principal demand. We cannot say that the trial judge abused his discretion in doing so.
SUMMARY JUDGMENT
Generally a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Kerwin v. Nu-Way Construction Service, Inc., 451 So.2d 1193, 1194 (La.App. 5th Cir.), writ denied, 457 So.2d 11 (La.1984); Landry v. Brandy, 389 So.2d 93, 95 (La.App. 4th Cir.1980); Cooper v. Anderson, 385 So.2d 1257, 1258 (La.App. 4th Cir.), writ denied, 393 So.2d 738 (La. 1980). The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Frazier v. Freeman, 481 So.2d 184, 186 (La.App. 1st Cir.1985); Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1058, 1063 (La.App. 1st Cir.1983).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. Dupuy v. Gonday, 450 So.2d 1014, 1015 (La.App. 1st Cir.1984). In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980); Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
In the instant case, the petition filed by PPG against the SMB (the main demand) sought judicial review of the SMB’s refusal to ratify the lease between PPG and Exxon.
LSA-R.S. 30:158 provides:
No lease executed under the authority of this Subpart shall be valid unless the agency obtains its approval by the State *1055 Mineral Board. A lease made under the provisions of this Subpart which is not approved by the State Mineral Board and countersigned by the duly authorized officer of that body is null and void. '
Exxon, through its intervention, claimed that PPG had failed to furnish a valid mineral lease in that PPSB and the State of Louisiana, as trustee for PPSB, had not ratified the lease as required by Exxon’s bid.
The Plaquemines Parish Mineral Department Bid Form submitted by Exxon contained the following provision:

Additional Consideration:

This bid is subject to and conditional upon Plaquemines Parish Government obtaining a valid written ratification and approval of the lease contract by the Plaquemines Parish School Board and by the State of Louisiana as Trustee for the Plaquemines Parish School Board.
Although both Exxon and PPG signed the lease, the document contemplated that SMB would sign the lease as well.
The PPSB adopted a resolution at a meeting on May 6, 1991 which ratified the lease. On June 28, 1991, more than one year after it initially submitted its offer, Exxon filed its petition of intervention seeking a return of its $511,200.00 payment and to revoke its offer. There is no indication as to whether the State of Louisiana, as Trustee for the PPSB, was ever asked to approve this lease contract.[3]
LSA-C.C. art. 1927 provides that a contract is formed by the consent of the parties established through offer and acceptance. LSA-C.C. art. 1928 states:
An offer that specifies a period of time for acceptance is irrevocable during that time. When the offeror manifests an intent to give the offeree a delay within which to accept, without specifying a time, the offer is irrevocable for a reasonable time.
In the instant case, Exxon, in submitting its bid, offered to lease the mineral rights on Tract 90-12 in Section 16 of Plaquemines Parish from PPG under the terms set forth in the mineral lease. Exxon’s bid offer also required the PPSB and the State of Louisiana, as trustee for PPSB, to approve the lease. No time period for acceptance of this offer was specified in the bid. Therefore, the offer was irrevocable for a reasonable period of time after it was made by Exxon. LSA-C.C. art. 1928. See also W.M. Heroman & Co., Inc., v. Saia Electric, Inc., 346 So.2d 827, 830 (La.App. 1st Cir.), application denied, 349 So.2d 1271 (La.1977) and Schulingkamp v. Aicklen, 534 So.2d 1327, 1331 (La.App. 4th Cir.1988).
Having determined that Exxon’s bid was irrevocable for a reasonable period of time, our next inquiry is what constitutes a reasonable time under the facts and circumstances of this ease.
In the instant case, Exxon submitted its bid in mid June of 1990, and its lease was to commence later that same month, if approved by the appropriate authorities. The lease is dated June 28, 1990 for all purposes. The lease states that it is for a term of three (3) years from this date. Additionally, the lease expires if actual drilling operations are not commenced in good faith on or before one (1) year from this date unless the lessee pays rental in the amount of $255,600.00.[4] PPSB did not ratify the lease until May 6, 1991, and the SMB rejected this lease on May 8, 1991. Eleven months after the submission of its bid, PPSB finally approved Exxon’s offer. However, the SMB expressly refused to *1056 approve Exxon’s offer. As such, by May of 1991, Exxon’s offer had not been accepted in the manner contemplated by its bid.
We find that the eleven-month period between the time Exxon submitted its bid and the time Exxon filed its petition for intervention (during which the Exxon proposal was irrevocable) was more than reasonable under the facts and circumstances of this case. The business of the exploration of minerals is highly speculative and capital intensive. It involves the investment of hundreds of thousands of dollars, and the activity is extremely price sensitive. Economic fluctuations can turn a lucrative investment one month into a financial fiasco the next.
Moreover, at the time of the filing of Exxon’s petition of intervention, the three-year term of the proposed lease was already one-third complete, without the mineral lessee’s having been afforded the opportunity to commence drilling operations.
Therefore, we find that, at the time Exxon filed its of intervention seeking to revoke its offer, a reasonable period of time had elapsed since its offer and that such offer had not been accepted within that time frame. As such, the offer was no longer irrevocable, and Exxon was free to revoke its offer.
While we acknowledge that PPG has applied for judicial review of the rejection of the Exxon bid by the SMB, this fact does not alter our conclusion that Exxon’s offer was not accepted almost one year after it was made. Clearly, the trial judge was correct in finding that there was no genuine issue of material fact and that Exxon was entitled to a return of its $511,200.00 payment. Accordingly, the summary judgment was properly granted.
For the above and foregoing reasons, the trial court judgment is affirmed. Costs of this appeal are assessed against PPG.
AFFIRMED.
LeBLANC, J., concurs.

. The property which formed the basis of this lease, along with several other parcels, was the subject of another court proceeding, entitled "State of Louisiana ex rel Plaquemines Parish School Board v. Plaquemines Parish Government”, No. 31-947, 25th Judicial District Court, Parish of Plaquemines. In dispute was the ownership of thirteen Sixteenth Sections of land located in Plaquemines Parish, Louisiana, to which both PPG and the PPSB, through the State of Louisiana, claimed title. On December 26, 1990, the district court in that case issued a judgment which, in effect, determined that the PPSB was the owner of the property in question. However, on May 20, 1991, a rehearing on the Motions for Summary Judgment (which were the basis of the district court’s order of December 26, 1990) was granted. At the time of SMB's refusal to ratify the lease (at its meeting of May 8, 1991), the ownership of this parcel of land, which is the subject of the lease, was still in doubt.

. At the same time, the district court also denied the exception pleading the objection of no cause of action and the motion for summary judgment filed on behalf of the SMB.

. It is unclear what state agency or official would have had the authority, as trustee for the PPSB, to approve the lease contract. The Attorney General's Office, as counsel for the State of Louisiana, requested the PPSB to ratify the lease. Since the SMB must, by law, approve all mineral leases entered into by state agencies, one would assume that they would be the proper authority to act as trustee for the PPSB. However, the ratification form provided by Exxon had a signature line for Governor Buddy Roemer.

. Attached to Exxon’s Memorandum In Support of Motion For New Trial And, Alternatively, Motion For Reconsideration Of Exxon's Motion For Summary Judgment was an Affidavit executed by Gordon E. Coe, Jr. which stated that as a result of the SMB’s rejection of this mineral lease, Exxon did not pay the first year's delay rental which was due on June 28, 1991.