ARMSTRONG, Judge.
This is an appeal from a judgment which dismissed an earlier appeal in a worker’s compensation action. Because we find that the hearing officer of the Louisiana Office of Worker’s Compensation had jurisdiction to dismiss the earlier appeal, and because we find no manifest error in the factual determination of the hearing officer below that the plaintiff acquiesced in the judgment to which the dismissed appeal pertained, we affirm.
Plaintiff, Cardell Tolliver, brought this action against defendant, Anheuser Busch, Inc. for workers’ compensation benefits. After a trial on the merits before a hearing officer of the Louisiana Office of Workers’ Compensation, a judgment of May 21, 1992 was rendered in favor of plaintiff. Howev *880 er, plaintiff did not entirely- prevail, as the May 21, 1992 judgment held that he was entitled to benefits for a period of slightly more than four months whereas plaintiff alleged that he was entitled to benefits for a number of additional months.
Soon after the rendition of the May 21, 1992 judgment, counsel for plaintiff and counsel for the defendant discussed whether either side would appeal the May 21, 1992 judgment. Both counsel agreed that they each were unhappy with the judgment but that it would not be worthwhile to appeal, and that each would speak to their respective clients as to whether the defendant would pay the judgment and whether plaintiff would accept that payment in lieu of appealing. Soon after, on June 3, 1992, plaintiff’s counsel spoke by telephone with the insurance adjuster handling the claim for the defendant’s insurer. Apparently, this telephone call was initiated by plaintiff’s counsel pursuant to the advice of the defense counsel’s office. Shortly thereafter, a check was sent to plaintiff’s counsel. Nevertheless, after the expiration of the time for the defendant to take a suspensive appeal, plaintiff filed a devolutive appeal from the May 21, 1992 judgment. The defendant then filed a motion to dismiss that appeal on the ground that plaintiff had acquiesced in the May 21, 1992 judgment.
At the hearing on the defendant’s motion to dismiss the appeal, the defendant’s insurance adjuster testified that plaintiff’s counsel “told me that they were going to go ahead and settle the Tolliver case”. The insurance adjuster also testified plaintiff’s counsel said that he or his secretary would calculate the interest on the May 21, 1992 judgment and send that figure to her. Although plaintiff’s counsel denied that he ever agreed to settle the case or not to appeal, he conceded that he did tell the defendant’s insurance adjuster that he would forward the interest calculations on the May 21, 1992 judgment to her. Moreover, his June 5, 1992 letter to the defendant’s insurance adjuster includes the statement that: “This will confirm our conversation of June 3, 1992 wherein it was confirmed that a check or checks would be issued pursuant to the judgment of [the hearing officer] dated May 21, 1992”. There is no mention of any intention to reserve the right to appeal in that letter. Plaintiff’s counsel testified that the purpose of the June 5, 1992 letter was to get a check for the calculated amount from the defendant’s insurer. The defendant’s insurer, after having defense counsel check the calculations of the June 5, 1992 letter, issued a check for the calculated amount which was forwarded to plaintiff’s counsel.
The hearing officer below found as a matter of fact that plaintiff had acquiesced in the May 21, 1992 judgment.
The hearing officer below did have jurisdiction to consider and grant the motion to dismiss the first appeal. The Louisiana Code of Civil Procedure governs appeals from determinations of the Louisiana Office of Worker’s Compensation. LSA-R.S. 23:1351. Article 2088 of the Louisiana Code of Civil Procedure states, in pertinent part: “The jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches” once an appeal is properly taken. “This article [La.Code Civ.Proc. Art. 2088] is to be understood to divest the trial court of jurisdiction over the case when the appeal is taken only with respect to those matters which are reviewable under the appeal. That is to say, the trial court is divested of jurisdiction in the case only insofar as the parties and issues which are subject of the judgment appealed from.” Walker v. Jones, 257 La. 404, 242 So.2d 559, 562-63 (La.1971) (emphasis in original). Accord e.g., Valet v. City of Hammond, 577 So.2d 155, 161-63 (La.App. 1st Cir.1991).[1]
The issue of plaintiff’s acquiescence in the May 21, 1992 judgment was not reviewable under plaintiff’s appeal of that judgment. The May 21, 1992 judgment, which, of course, did not deal with whether plaintiff had acquiesced in that *881 same judgment, was the sole subject of plaintiffs appeal. Also, of course, the actions constituting plaintiffs acquiescence in the May 21, 1992 judgment post-dated the May 21, 1992 judgment. An appeal of a judgment does not allow appellate review of issues which first arise after rendition of an appealed-from judgment. Mid-State Homes, Inc. v. Lartigue, 383 So.2d 99, 100 (La.App. 3rd Cir.1980). Consequently, the hearing officer below was not divested of jurisdiction as to the issue of plaintiffs acquiescence in the May 21, 1992 judgment and could dismiss plaintiffs appeal of that judgment based on such acquiescence.
“An appeal cannot be taken by a party ... who voluntarily and unconditionally acquiesced in a judgment rendered against him ... [Acquiescence ... in a favorable part of an indivisible judgment does not preclude an appeal as to the other parts of such judgment.” La.Code Civ. Proc. Art. 2085. In the present case, the May 21, 1992 judgment was favorable to plaintiff to the extent that it awarded him benefits for a period of a little over four months and was unfavorable to plaintiff insofar as it denied him benefits for such additional months as he sought. The issue is whether plaintiff acquiesced in the May 21, 1992 judgment only insofar as it was favorable to him or whether, instead, he acquiesced in all of that judgment, See, e.g., Eck v. O’Flarity, 498 So.2d 1210 (La.App. 4th Cir.1986).
The issue boils down to a factual dispute as to the substance of the June 3, 1992 telephone conversation between plaintiffs counsel and the adjuster for the defendant’s insurer. If the insurance adjuster is believed, plaintiff acquiesced in all of the May 21,1992 judgment. If plaintiffs counsel is believed, plaintiff acquiesces in the May 21,1992 judgment only to the extent it favored plaintiff. The hearing officer below resolved this credibility issue in favor of the insurance adjuster. We note that the undisputed factual events surrounding the June 3, 1992 telephone conversation, i.e., the undisputed substance of the earlier conversation of plaintiffs counsel with defense counsel and the language of the June 5, 1992 letter of plaintiffs counsel are consistent with the insurance adjuster’s testimony.
Thus, we can see no manifest error in the factual determination of the hearing officer below. Arceneaux v. Dominque, 365 So.2d 1330, 1333-34 (La.1978); Pekinto v. Olsten Corp., 587 So.2d 68, 71 (La.App. 4th Cir.1991) (applies Arceneaux manifest error standard to review of findings of fact to workers’ compensation hearing officer).
For the foregoing reasons, we affirm the decision below at appellant’s costs.
AFFIRMED.
WALTZER, J., concurs with reasons.

. The list in Article 2088 of ten items as to which the trial court’s jurisdiction is specifically preserved despite the taking of an appeal is not exclusive. Valet, 577 So.2d at 161-62.