WHIPPLE, C.J.
*280 Plaintiff, Benny Hernandez, appeals a judgment of the trial court granting summary judgment in favor of defendants, SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl, dismissing plaintiff's negligence claims with prejudice, and maintaining these defendants' exception of no cause of action as to plaintiff's intentional tort claims. For the following reasons, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
This matter originally came before this court in 2017 on an appeal ("2017 appeal") filed by plaintiff, Benny Hernandez. See Hernandez v. Excel Contractors, Inc., 2017-0762 (La. App. 1st Cir. 12/21/17), 2017 WL 6524030 (unpublished). However, the 2017 appeal was ultimately dismissed by this court. While we will not reiterate herein all of the underlying facts regarding the dispute set forth in this court's prior opinion, we include the pertinent procedural events.
Plaintiff instituted this suit on September 16, 2015 by filing a petition for damages against Excel Contractors, Inc.[1] as well as its insurer, alleging that plaintiff was employed by ASAP Employment Services, Inc. and that he was injured on September 16, 2014 while working at a "CF1 Industries plant." Plaintiff later filed an amended and supplemental petition, which named SPX Cooling Technologies, Inc., Xcel Erectors, Inc., CF Industries, Inc., and James Meidl as defendants.[2] In response to the amended and supplemental petition, SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl ("defendants") filed a "Peremptory Exception for [sic] No Cause of Action, and in the Alternative, Motion for Summary Judgment," which sought dismissal, with prejudice, of all claims against defendants. On February 22, 2017, the trial court rendered judgment (hereinafter, the "2017 judgment"), which, in pertinent part, granted the motion for summary judgment filed by SPX Cooling Technologies, Inc., Excel Erectors, Inc., and James Meidl and dismissed *281 Hernandez's claims against these defendants with prejudice and at plaintiffs costs. The judgment further decreed that the Exception of No Cause of Action was moot as to the statutory employee issue, but was sustained, however, as to plaintiff's claims for intentional torts. The judgment further ordered plaintiff to amend his pleadings within thirty days of the signing of the judgment "to sufficiently plead any intentional torts if he so chooses."
Plaintiff appealed the 2017 judgment, but this court eventually dismissed the appeal because no portion of the 2017 judgment was a final judgment for the purpose of immediate appeal. After examining the 2017 judgment, this court concluded that the summary judgment granted by the trial court was dispositive of plaintiff's negligence claims only and, therefore, was a partial summary judgment granted pursuant to LSA-C.C.P. art. 966(E). Thus, because the 2017 judgment lacked a designation as final and an express determination by the trial court that there was no just reason for delay in accordance with LSA-C.C.P. art. 1915(B)(1), this court concluded that we lacked appellate jurisdiction to review the partial summary judgment. This court further noted that the remaining portion of the 2017 judgment was not final and appealable in that it granted an exception of no cause of action and permitted plaintiff a period of time in which to amend his petition. Accordingly, finding no portion of the 2017 judgment immediately appealable, this court was constrained to dismiss the 2017 appeal.
While the appeal of the 2017 judgment was pending with this court, however, defendants filed a Motion to Dismiss the intentional tort claims of Mr. Hernandez in the trial court on August 22, 2017, which the trial court granted. In the Motion to Dismiss, defendants averred that, despite the signing of an order of appeal from the 2017 judgment, the trial court retained jurisdiction over the intentional tort claims pursuant to LSA-C.C.P. art. 1915. Despite the pending appeal of the 2017 judgment, defendants contended that plaintiffs failure to comply with the trial court's 2017 judgment, which ordered plaintiff to amend his pleadings to sufficiently allege intentional tort claims within thirty days of the signing of the 2017 judgment, necessitated the dismissal of plaintiffs intentional tort claims. Apparently finding merit to the defendants' contention, on August 29, 2017, the trial court signed an order of dismissal, which stated as follows:
CONSIDERING THE FOREGOING, IT IS HEREBY ORDERED that, pursuant to La. CCP art 934, Defendants' Motion to Dismiss is hereby GRANTED as to the intentional tort claims of Plaintiff, BENNY HERNANDEZ, against Defendants, SPX COOLING TECHNOLOGIES, INC., XCEL ERECTORS, INC. and JAMES MEIDL, and those intentional tort claims shall be dismissed with prejudice, at Plaintiff's cost.
Four months later, on December 21, 2017, this court rendered its opinion in the then-pending appeal of the 2017 judgment, dismissing the appeal for lack of appellate jurisdiction.
After this court's dismissal of the 2017 appeal, plaintiff circulated and filed an "Amended Final Judgment" in an attempt to cure the defects in the 2017 judgment noted by this court. Notwithstanding defendants' opposition to the filing of the "Amended Final Judgment," the trial court signed the judgment as submitted by plaintiff on April 18, 2018. The "Amended Final Judgment" was substantively identical to the previous judgment, with the exception that it included the following *282 designation at the end of the judgment: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment is a Final Judgment in accordance with LSA-C.C.P. arts 1915(A)(3) and 1915(B)(1) for the purposes of an immediate appeal and that there is 'no just reason for delay.' " However, the "Amended Final Judgment" retained the provision allowing plaintiff thirty days to amend his pleadings to allege intentional torts, despite the fact that the trial court had previously dismissed plaintiff's intentional tort claims.
Plaintiff now appeals this "Amended Final Judgment" assigning the same errors as stated in his previous appeal.[3]
PRESCRIPTION
As an initial matter, we must address a procedural issue raised (for the first time) in pleadings filed in this court. Although not filed in the trial court below, defendants have now filed a peremptory exception with this court pursuant to LSA-C.C.P. art. 927 raising the objection of prescription.[4] Defendants contend that plaintiff's claims are subject to the one-year prescriptive period set forth in LSA-C.C. art. 3492 and that plaintiff instituted this suit against Excel Contractors, Inc. on the last day of the applicable prescriptive period. Defendants note that plaintiff amended his petition to add claims against the defendants, but the claims against Excel Contractors, Inc. were ultimately dismissed upon the grant of a motion for summary judgment. Defendants contend that plaintiff's claims against them are prescribed on the face of the amended petition and that the original petition against a party with no liability for plaintiff s damages does not serve to interrupt the prescriptive period. However, for the reasons that follow, we again find that this court lacks appellate jurisdiction with regard to the "Amended Final Judgment" and, accordingly, we pretermit defendants' exception raising the objection of prescription, which may be raised in proceedings below.
APPELLATE JURISDICTION
The defendants contend at the outset that: (1) the instant appeal is late, as the entire case had been disposed of, at the latest, when this court rendered its prior appeal decision, and (2) the plaintiff attempted to revive his appeal delays by improperly filing an "Amended Final Judgment." However, these arguments are predicated upon a finding that the trial court retained jurisdiction over plaintiff's intentional tort claims against defendants. For the reasons that follow, we are not persuaded by defendants' arguments and find, again, that we lack jurisdiction to consider this appeal.
*283 The record reflects that the order of dismissal was signed on August 29, 2017 and purported to dismiss the intentional tort claims of the plaintiff despite the pending 2017 appeal. Louisiana Code of Civil Procedure article 2088 provides that the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested on the granting of the order of appeal in the case of a devolutive appeal. See Thibaut v. Thibaut, 607 So.2d 587, 602 (La. App. 1st Cir. 1992), writs denied, 612 So. 2d 37, 1993 WL 34488, 1993 WL 34496, 612 So. 2d 38, 1993 WL 34499, 1993 WL 34522, and 612 So.2d 101 (La. 1993). Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter which is at the time reviewable under the appeal. See Union Planters Bank, N.A. v. City of Gonzales, 2005-1898 (La. App. 1st Cir. 2/10/06), 923 So.2d 790, 793, writ denied, 2006-0991 (La. 6/16/06), 929 So.2d 1292 (citing Barnes v. L.M. Massey, Inc., 93-1080 (La. App. 1st Cir. 5/20/94), 637 So.2d 799, 801 writ denied, 94-2279 (La. 12/9/94), 647 So.2d 1107 ).
Here, the order dismissing the intentional tort claims on August 29, 2017 was issued after the order granting the 2017 appeal was already signed, on March 29, 2017. Defendants, however, contended in their Motion to Dismiss filed in the trial court that the trial court retained jurisdiction over the intentional tort claims pursuant to LSA-C.C.P. art. 1915(C), which provides "[i]f an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case." Incorrectly positing to the trial court that the partial grant of the motion for summary judgment was appealable pursuant to LSA-C.C.P. art. 1915(A)(3), defendants contended in the trial court that plaintiff's failure to designate as final the portion of the 2017 judgment sustaining the exception of no cause of action permitted the trial court to revise that portion of the judgment at any time prior to rendition of a final judgment adjudicating all claims of all the parties pursuant to LSA-C.C.P. art. 1915(B)(2). In the present appeal, defendants maintain that the divesting of the trial court's jurisdiction under LSA-C.C.P. art. 2088 is determined by which matters were, in fact, reviewable, in the prior appeal. Defendants contend the sustaining of the exception of no cause of action was not reviewable by this court had there been appellate jurisdiction in the 2017 appeal.
Importantly, however, in the 2017 appeal, plaintiff requested and the trial court granted an appeal of "the Final Judgment rendered by this Court on the 22nd day of February, 2017," which judgment included the partial grant of a motion for summary judgment dismissing the negligence claims and the sustaining of an exception of no cause of action as to the intentional tort claims. While the Supreme Court has noted that LSA-C.C.P. art. 2088 provides that "the trial court is divested of jurisdiction only as to the parties and issues which are the subject of the judgment which has been appealed," the 2017 judgment in this case which was before us on appeal involved all of plaintiff's claims against SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl - both the negligence claims as well as the intentional tort claims. James v. Formosa Plastics Corp. of Louisiana, 2001-2056 (La. 4/3/02), 813 So.2d 335, 340 (citing Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970) ).
In Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La. App. 1st Cir. 1978), this court examined the jurisdiction of the trial court and the appellate court when an appeal is taken from a partial final judgment and considered the joint effect of *284 LSA-C.C.P. art. 2088 and 1915 on the trial court's jurisdiction. In Welch, plaintiff appealed a judgment of the trial court issued after the trial court had previously granted an appeal from a prior judgment sustaining an exception of one defendant, Crown Zellerbach. In the Crown Zellerbach judgment previously appealed, no other issue or parties were included in the judgment, and this court noted that opinions of this court and the Supreme Court issued on the appeal of the first judgment only dealt with the sustaining of Crown Zellerbach's exception as to plaintiff. Notwithstanding, plaintiff contended that the trial court was divested of jurisdiction upon the signing of the order for a devolutive appeal of the Crown Zellerbach judgment such that the trial court's subsequent judgment granting the exceptions of Robert Campbell and Southern Casualty Insurance Company while the Crown Zellerbach judgment was on appeal was a nullity.
After acknowledging the provision of LSA-C.C.P. art. 1915 setting forth that when an appeal of a partial final judgment is taken, the trial court retains jurisdiction to adjudicate the remaining issues in the case, and after considering LSA-C.C.P. art. 2088, this court ruled as follows:
This article [ art. 2088 ] is to be understood to divest the trial court of jurisdiction over the case when the appeal is taken only with respect to those matters which are reviewable under the appeal. Therefore, since the January 24, 1977 judgment mentioned only the sustaining of peremptory exceptions and the dismissal of plaintiff's suit as to Crown Zellerbach, it was the only matter reviewable on appeal and therefore only this fell under the divesting effect of CCP Article 2088. Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970).
While we appreciate the problems involved in this lengthy and procedurally complicated case, we find that the trial court was not divested of jurisdiction as to Campbell's and Southern's exception when Welch was granted its devolutive appeal as to the sustaining of Crown Zellerbach's peremptory exceptions.
Id. at 590. (Emphasis added.) See also Valet v. City of Hammond, 577 So.2d 155, 162 (La. App. 1st Cir. 1991) (finding that the trial court retained jurisdiction over issues and claims not mentioned or adjudicated in a partial final judgment previously appealed).
Applying these precepts to the instant case, while this court ultimately determined that we lacked appellate jurisdiction to review the 2017 judgment, jurisdiction over the issues and parties included within the 2017 judgment clearly was divested from the trial court upon the signing of the order of appeal on March 29, 2017. See Halley v. Guerriero, 577 So.2d 781, 783 (La. App. 2nd Cir. 1991) (even though the appeal was later dismissed as interlocutory, the trial court was found to have been divested of jurisdiction upon the granting of the order of appeal such that it lacked jurisdiction to dismiss the suit). An appellate court not only has an independent duty to consider whether it has subject matter jurisdiction over the matter, but also has the sole authority to determine whether an appeal is properly before it once the trial court's jurisdiction has been divested. Gros v. STMG Lapeyre, LLC, 2014-0848 (La. App. 1st Cir. 5/6/15), 2015 WL 2169680, *3 (unpublished) (citing Downey v. Bellue, 178 So.2d 778, 781 (La. App. 1st Cir. 1965) ).
Here, as part of the 2017 judgment, plaintiff's intentional tort claims against SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl were reviewable under the then-pending appeal, notwithstanding the fact that this court did not exercise its supervisory jurisdiction *285 over these claims. See State ex rel. Div. of Admin., Office of Risk Mgmt. v. Nat'l Union Fire Ins. Co. of Louisiana, 2010- 0689 (La. App. 1st Cir. 2/11/11), 56 So.3d 1236, 1242, fn. 6, writ denied, 2011- 0849 (La. 6/3/11), 63 So.3d 1023 ("In the case of an appeal of a partial judgment or partial summary judgment designated as final under La. C.C.P. art. 1915(B), an appellant may also appeal an interlocutory judgment involving the same or related issues..."); also see Stevens v. St. Tammany Par. Gov't, 2016-0534 (La. App. 1st Cir. 1/18/17), 212 So.3d 568, 578.
Consequently, the trial court in this case was divested of jurisdiction and did not have the authority to render a judgment dismissing the intentional tort claims (for failure to amend as previously ordered by the judgment under review by this court) when it did so, as any judgments signed by the trial court regarding matters which were pending under the appellate jurisdiction of this court are null and void for lack of jurisdiction. See Union Planters Bank, 923 So.2d at 793 ; Barnes, 637 So.2d at 801. Accordingly, the August 29, 2017 order of the trial court, dismissing the intentional tort claims while the 2017 appeal was pending, is a nullity. Accordingly, we must proceed with our analysis herein as if the order dismissing the intentional tort claims had never been rendered.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Appellate courts have a duty to examine their subject matter jurisdiction sua sponte, even if the litigants do not raise the issue. Succession of Matthews, 2016-0289 (La. App. 1st Cir. 1/5/17), 212 So.3d 547, 551, writs denied, 2017-0230 (La. 3/31/17), 217 So.3d 361, 2017-00236 (La. 3/31/17), 217 So.3d 361, 2017-0243 (La. 3/31/17), 217 So.3d 361.
As noted in our prior opinion, the 2017 judgment, per se, could not be a final judgment for purposes of an immediate appeal. The 2017 judgment contained the grant of a partial summary judgment under the provisions of LSA-C.C.P. art. 966(E) without the necessary designation of finality pursuant to LSA-C.C.P. art. 1915(B)(1) and the sustaining of an exception of no cause of action, which was not immediately appealable and final, as it contained a provision allowing the plaintiff time to amend his petition.
In the present appeal, the "Amended Final Judgment" retains the original language in the 2017 judgment, but purports to designate the entire judgment as a final judgment pursuant to LSA-C.C.P. art. 1915(B)(1). However, a trial court's designation of a judgment as final is not determinative. Quality Environmental Processes, Inc., v. Energy Development Corporation, 2016-0171, (La. App. 1st Cir. 4/12/17), 218 So.3d 1045, 1054. As an appellate court, we are obligated to determine whether the trial court properly designated the judgment as final pursuant to LSA-C.C.P. art. 1915 and to recognize any lack of jurisdiction if it exists. Radcliffe 10, L.L.C. v. Burger, 2017-0967 (La. App. 1st Cir. 5/29/18), 251 So.3d 435, 440. The appellate court's jurisdiction to decide an appeal hinges on whether the certification was proper. Templet v. State ex rel. Dept. of Public Safety and Corrections, 2005-1903, (La. App. 1st Cir. 11/3/06), 951 So.2d 182, 185. Because the trial court gave no explicit reasons for the designation in this case, we must review that determination de novo on the record before us. R.J. Messinger, Inc., v. Rosenblum, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122-1123.
In determining whether a judgment is properly designated as final *286 for purposes of an immediate appeal, a court must always keep in mind the historic policies against piecemeal appeals. Quality Environmental, 218 So.3d at 1055 ; Templet, 951 So.2d at 185 ; R.J. Messinger, Inc., 894 So.2d at 1122. As set forth in R.J. Messinger, Inc., the following factors should be considered in determining whether the trial court's certification of a partial judgment was appropriate: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the likelihood that review could be mooted pending future developments in the trial court; (3) the likelihood that the reviewing court might be required to consider the same issue a second time; and (4) miscellaneous factors including delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and other similar factors. Id. at 1122.
In considering the first part of the "Amended Final Judgment," which partially granted defendants' motion for summary judgment and dismissed plaintiff's negligence claims against defendants with prejudice, we find that the relationship between the adjudicated and non-adjudicated claims does not support the need for an immediate appeal of the partial judgment. The determination of plaintiff's negligence claims against defendants will not affect the remaining intentional tort claims, which are still pending at this juncture. In addition to the factors set forth in R.J. Messinger. Inc., however, we must determine the paramount question of whether there is no just reason for delay. Id. at 1122.
In this case, with the intentional tort claims against the defendants still pending and viable (in addition to a recently raised exception of prescription), we are unable to say that there is no just reason for delay in the appeal of that portion of the "Amended Final Judgment" partially granting defendants' motion for summary judgment. Instead, we find that the trial court incorrectly certified this portion of the judgment as final and immediately appealable.
Moreover, the remaining portion of the "Amended Final Judgment" was not properly certified either. In Alker v. Rauch, 498 So.2d 28, 29-30 (La. App. 1st Cir. 1986), the district court signed a judgment sustaining defendant's exception, ordering plaintiffs to amend the petition within fifteen days, and indicating that the failure of plaintiffs to amend would result in the dismissal of their demands. Similar to the instant case, in lieu of complying with the trial court's order, plaintiffs appealed the judgment. Despite not amending their pleading within fifteen days, no further judgment of dismissal of plaintiffs' demands was accomplished. This court held that this conditional judgment, without a subsequent judgment of dismissal, was not appealable. This court specifically noted that plaintiffs could still amend the pleadings - even though the time period set forth in the judgment had elapsed - unless or until defendants moved to dismiss plaintiffs' demands for such failure to amend. We concluded that in fact, such a "judgment does nothing more than order or permit an amendment within a delay allowed by the court as provided by LSA-C.C.P. art. 934." Id. at 30. Accordingly, the appeal was dismissed. See also Schroeder v. Board of Supervisors of Louisiana State University, 540 So.2d 380, 382 (La. App. 1st Cir. 1989).
Further, as recognized by our learned colleagues in the Third and Fourth Circuit Courts of Appeal, a judgment that provides the plaintiff with the opportunity to amend the petition is incapable of being designated as final pursuant to LSA-C.Cr.P. art. 1915(B) because it does not *287 rule, in whole or in part, on the merits of the suit and is, at best, an interlocutory ruling. See Cole v. Sabine Bancshares, Inc., 2016-796 (La. App. 3rd Cir. 11/16/16), 205 So.3d 995, 996. See also Taylor v. Consolidated Rail Corp., 391 So.2d 1351, 1352 (La. App. 4th Cir. 1980). Accordingly, the portion of the judgment sustaining the exception of no cause of action and granting leave to amend likewise was improperly designated as final.
Because the "Amended Final Judgment" was improperly designated as final in its entirety,[5] we lack subject matter jurisdiction over this appeal, and it must be dismissed.
CONCLUSION
For the above reasons, the instant appeal is hereby dismissed, and the defendants' exception raising the objection of prescription is hereby pretermitted. Costs are assessed one-half each to plaintiff, Benny Hernandez, and defendants, SPX Cooling Technologies, Inc., Xcel Erectors, Inc., and James Meidl.
PEREMPTORY EXCEPTION RAISING THE OBJECTION OF PRESCRIPTION PRETERMITTED; APPEAL DISMISSED.
McLendon, J. concurs.

Excel Contractors, Inc. answered the petition and then filed a motion for summary judgment, which was granted on July 8, 2016, as it established that none of Excel Contractors, Inc.'s employees could have been responsible for plaintiff's injuries.

As noted in this court's prior opinion, plaintiff's amended petition mistakenly identified James Meidl as "James Merrill" and CF Industries Nitrogen, LLC as "CF Industries, Inc."

Plaintiff contends that the trial court erred in: (1) finding that the service agreement between ASAP Employment Services, Inc. (plaintiff's employer) and SPX Cooling Technologies was a "contract" within the meaning of LSA-R.S. 23:1032 ; (2) finding that plaintiff was a "statutory employee" within the meaning of LSA-R.S. 23:1032 ; and (3) not allowing plaintiff to conduct "adequate" discovery in this matter.

Louisiana Code of Civil Procedure article 2163 permits the appellate court to consider a peremptory exception filed for the first time on appeal when the exception is pleaded prior to submission of the case for decision and proof of the ground of the exception appears in the record. While the plaintiff may demand a remand to the trial court for a trial of the exception when the exception pled in the appellate court is prescription, plaintiff did not do so. Therefore, this court has the discretion to consider the peremptory exception of prescription in this matter. LSA-C.C. art. 2163; Southgate Residential Towers, LLC v. Mapp Const., Inc., 2007-0859 (La. App. 1st Cir. 12/21/07), 2007 WL 4465777, *8-9 (unpublished).

Moreover, even if this court had determined that the portion of the "Amended Final Judgment" partially granting the motion for summary judgment was properly certified, it is unlikely that a judgment purporting to designate the entire judgment as final would be valid in light of this court's recent per curiam opinion in Advanced Leveling & Concrete Solutions v. Lathan Company. Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 2018 WL 6716997, *2 when one portion of the certified judgment is incapable of being designated as final pursuant to LSA-C.C.P. art. 1915(B)(1).