STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-796


CYNTHIA ANNE COLE

VERSUS

SABINE BANCSHARES, INC.


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 67,189
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Billy H. Ezell, James T. Genovese and Phyllis M. Keaty, Judges.


APPEAL DISMISSED.


Jacques Francois Bezou, Sr.
The Bezou Law Firm
534 E. Boston Street
Covington, LA 70433
(985) 892-2111
COUNSEL FOR PLAINTIFF/APPELLANT:
    Cynthia Anne Cole

**David S. Rubin**
**Kantrow, Spaht, Weaver, and Blitzer**
**Post Office Box 2997**
**Baton Rouge, LA 70821-2997**
**(225) 383-4703**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Sabine Bancshares, Inc.**

**EZELL, Judge.**

This court, on its own motion, issued a rule for the plaintiff-appellant, Cynthia Anne Cole, to show cause, by brief only, why her appeal should not be dismissed as having been taken either from a non-appealable, interlocutory judgment, or as having been taken from a judgment lacking proper decretal language, or both. For the reasons given, we dismiss the appeal.

Ms. Cole owns stock in the defendant-appellee, Sabine Bancshares, Inc. (SBI). SBI, in turn, owns all the stock in Sabine State Bank and Trust Company.

Although Ms. Cole avers that she owns approximately forty-four percent of SBI's stock, she filed the instant suit on January 7, 2016, alleging that she is an oppressed stockholder and demanding that SBI be ordered to purchase her stock at fair value as provided by La.R.S. 12:1-1435.

SBI responded by filing a peremptory exception of no cause of action. The exception raised two separate issues. First, SBI asserted that the actions alleged in Ms. Cole's petition do not constitute "oppression" as that term is used in La.R.S. 12:1-1435. Second, even if the court were to find that SBI was not entitled to a dismissal of Ms. Cole's entire action based on the first argument, SBI contended that all allegations of actions by SBI that predated the effective date of La.R.S. 12:1-1435, which was January 1, 2015, do not state a cause of action against SBI.

Following a hearing on the exception, the trial court signed a written judgment on June 30, 2016. In this judgment, after granting the exception, the trial court ruled, "**IT IS FURTHER ORDERED** that Plaintiff shall have forty-five (45) days to amend her petition alleging only those acts of shareholder oppression that have occurred on or after January 1, 2015." Subsequently, Ms. Cole filed a motion with an incorporated memorandum in support for an order designating the

foregoing judgment as final and immediately appealable pursuant to La.Code Civ.P. art. 1915(B). The order signed by the trial court on August 3, 2016, reads, in pertinent part, "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the aforementioned Motion be and is hereby **GRANTED** and that this Court's Order dated June 30, 2016[,] is hereby certified as final and appealable."

Ms. Cole then filed her motion for an appeal, and the trial court granted the order of appeal. Upon the lodging of the appellate record, this court, on its own motion, issued a rule for Ms. Cole to show cause why the appeal should not be dismissed either as having been taken from a non-appealable, interlocutory judgment, or as having been taken from a judgment lacking proper decretal language, or both.

As quoted above, the judgment appealed orders Ms. Cole "to amend her petition alleging only those acts of shareholder oppression that have occurred on or after January 1, 2015." This ruling does not expressly dismiss any portion of Ms. Cole's suit. Thus, this judgment does not expressly rule as to any aspect of the merits of Ms. Cole's suit. To the contrary, Ms. Cole's suit against SBI seeking to order SBI to purchase her stock for fair value based on La.R.S. 12:1-1435 remains viable. If there was an intention on the part of the trial court to enter an order deciding a portion of the merits of Ms. Cole's suit, we find that the judgment lacks proper decretal language to this effect.

Since we find that the judgment does not rule, in whole or in part, on the merits of Ms. Cole's suit, we find that it is an interlocutory ruling. La.Code Civ.P. art. 1841. As such, we find that this judgment is incapable of being designated as final pursuant to La.Code Civ.P. art. 1915(B). *See for instance Brown v. Coregis Ins. Co.*, 99-48 and 99-49 (La.App. 1 Cir. 2/18/00), 752 So.2d 347 (finding that

since a denial of a motion for summary judgment is interlocutory, Article 1915(B) does not authorize the designation of the judgment as final). Accordingly, we hereby dismiss this appeal, at Ms. Cole's cost, without prejudice.

**APPEAL DISMISSED.**