NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-542


BLAKE DUBROC AND MELISSA DUBROC

VERSUS

HOLLIER'S SPECIALTY ROOFING, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 84507
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and D. Kent Savoie, Judges.


APPEAL DISMISSED.
APPELLANTS PERMITTED TO FILE
APPLICATION FOR SUPERVISORY WRITS.

L. Lane Roy
Brown Sims
600 Jefferson Street, Suite 800
Lafayette, LA 70501
(337) 484-1240
COUNSEL FOR PLAINTIFFS/APPELLEES:
        Blake Dubroc and Melissa Dubroc

Michael David Skinner
Skinner Law Firm, L.L.C.
Post Office Box 53146
Lafayette, LA 70505
(337) 354-3030
COUNSEL FOR DEFENDANTS/APPELLANTS:
        Hollier's Specialty Roofing, Inc.
        Hollier's Home Improvement Co., Inc.

**THIBODEAUX, Chief Judge.**

On June 13, 2017, this court issued a rule ordering appellants-defendants, Hollier's Specialty Roofing, Inc., and Hollier's Home Improvement Co., Inc., to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling.

The appellees-plaintiffs, Doug and Melissa Dubroc, filed suit against the appellants for the alleged breach of two contracts. The appellants filed a declinatory exception of improper venue which was overruled by the trial court. A written judgment was signed on February 21, 2017, and stated "that there is no just reason for delay and the instant Judgment is expressly designated as a Final Judgment as required by the provisions of Louisiana Code of Civil Procedure article 1915(B)." Notice of judgment was mailed to the parties on February 22, 2017.

The appellants filed a Motion for Devolutive Appeal on March 10, 2017, seeking an appeal from the February 21, 2017 judgment. When the record was lodged in this court, a rule to show cause was issued to the appellants to show cause, by brief only, why the appeal of the judgment overruling their declinatory exception of improper venue should not be dismissed for having been taken from a non-appealable, interlocutory ruling.

The appellants timely filed a brief in this court, asserting therein that the trial court made a finding as to the ultimate issue—the validity of the contracts—that forms the basis for the suit. The trial court stated:

> And I also consider the fact that, if true, the persons that were sent to do the repair work disputed the plaintiff's [sic] understanding of the terms and conditions in the contract. So I find there's no meeting of the minds. Therefore, I find that there is no contract. And your exception is denied.

As such, the appellants contend that the trial court reached an erroneous conclusion about whether or not the contracts were valid which will result in irreparable injury if the judgment on the exception is allowed to stand.

If this court finds that the trial court's ruling is a non-appealable, interlocutory ruling, the appellants urge this court to exercise its discretion to convert the appeal to an application for supervisory writs. *Board of Sup'rs of Louisiana State University v. Dixie Brewing Co., Inc.*, 14-641 (La.App. 4 Cir. 11/19/14), 154 So.2d 683. The appellants assert that the motion for appeal was filed within the thirty-day time period allowed for the filling of an application for supervisory writs. Further, the circumstances indicate that an immediate decision of the issue appealed is necessary to ensure fundamental fairness and judicial efficiency. An erroneous ruling on venue, the appellants aver, cannot be cured after a trial on the merits, and an erroneous finding of fact upon which the ruling on venue was based, is fundamentally unfair.

Lastly, in event this court finds that the appeal should be dismissed, the appellants request that the appeal be denied without prejudice to allow them to file an application for supervisory writs.

In *Land v. Vidrine*, 10-1342, p. 7 (La. 3/15/11), 62 So.3d 36, 40, the Louisiana Supreme Court held:

> [W]ith respect to venue rulings, which are threshold inquiries, litigants are required to seek review via supervisory writs. Failure to timely file a writ application on a venue ruling amounts to a waiver of any objection thereto.

Further, an interlocutory ruling cannot be designated as an appealable ruling. *See Cole v. Sabine Bancshares, Inc.*, 16-796 (La.App. 3 Cir. 11/16/16), 205 So.3d 995.

The judgment at issue was signed on February 21, 2017. Notice of judgment was issued on February 22, 2017. The appellants did not seek review of the trial

2

court's ruling via supervisory writs. The appellants, however, filed a Motion for Devolutive Appeal on March 10, 2017, within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4−3.

In the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688. Accordingly, we exercise our discretion and construe the petition for appeal as a notice of intent to file for supervisory writs. The devolutive appeal in docket number 17-542 is hereby dismissed, and the appellants are given until August 18, 2017, to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4−5.

**APPEAL DISMISSED.**
**APPELLANTS PERMITTED TO FILE**
**APPLICATION FOR SUPERVISORY WRITS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.